**James B. LAMBERT, Appellant,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10160.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 8, 1966.

Decided May 12, 1966.

Clay S. Crouse, Beckley, W. Va. (E. Carl Meadows, Jr., Beckley, W. Va., on brief), for appellant.

Jack H. Weiner, Atty., Dept. of Justice John W. Douglas, Asst. Atty. Gen., and Kathryn H. Baldwin, Atty., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellee.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and HUTCHE- SON, District Judge.

J. SPENCER BELL, Circuit Judge:

 The petitioner appeals from summary judgment of the district court affirming the Secretary's findings which deny his application for a period of disability and disability insurance benefits. We remand the case to the district court with instructions that that court remand to the Secretary for two reasons. First, because the findings appear to hold that the petitioner is incapacitated to follow his prior occupation [1] but do not find what jobs he is now able to perform and whether or not such jobs are available to him. Ray v. Celebrezze, 340 F.2d 556 (4 Cir. 1965). We also remand because we think from remarks contained in the Examiner's report that he has been too severe in his interpretation of the Secretary's regulations dealing with claims based upon psychoneuroses. There is no dispute in this record but that the claimant in 1940 was treated at the Laird Memorial Hospital for fracture of the second and third cervical vertebrae and the right fifth rib growing out of an accident in the mines. We recognize, of course, that the medical record contains no other evidence of residual impairments objectively demonstrated and reported with respect to the prior injury except numbness and diminished strength in the left hand and arm and minimal osteoarthritis in the lower portion of the cervical spine. Thus, subsequent medical history fails to evince substantial clinical neurological evidence to support the claimant's persistent stories of blackout spells, falling, and extreme nervousness. Nevertheless the claimant complains bitterly of headaches, dizziness, and other psychoneurotic symptoms, and two psychiatrists to whom he was referred during the processing of his claim diagnosed his case as anxiety reaction, chronic, severe, with conversion features. The Examiner lays great stress on a remark in the report of one of the psychiatrists that the claimant was at ease and free of overt symptoms, of normal intelligence, alert, and in excellent contact. Nevertheless this same report also found conversion reactions hysterical in nature, and that claimant's "severe repressive defenses" prevented insight into the emotional nature of his symptoms. The Examiner rejects the diagnoses of his specialists in psychiatry, pointing out:

"But in the face of the stringent statutory and regulatory criteria, it does not appear from this record that claimant has had an impairment of the nervous system which is disabling, and it is so found. Thus, one example set forth in the Regulations of a mental or nervous impairment which would ordinarily be considered disabling and preventing gainful work is: 'Mental disease (e. g. psychosis or severe psychoneurosis) requiring continued institutionalization or constant supervision of the affected individual'."

This section [2] is cited as an example of the severity of the Regulations without apparently noting that the quoted section is merely an example of a case in which medical considerations alone may justify a finding of disability.

We note from the Examiner's report that the claimant never appeared before

---

[1] The Examiner's findings conclude:
"While claimants' nervous symptoms may make sustained work in the mines or at his other former jobs difficult if not impossible, because of the heavy physical aspects and possibly the resulting tensions, the examiner sees no reason why claimant cannot work satisfactorily at lighter jobs in the economy, sedentary or semisedentary in nature, which jobs would be entirely compatible with claimant's symptoms, his age, intelligence and work background."

[2] Social Security Administration Regulations, 20 C.F.R., Part 404 (1964 Supp.) § 404.1502(a).

him in person. The only nonclinical evidence of claimant's current ability to perform significant functions involved in any type of substantial gainful work being that furnished by caseworkers of the state bureau which investigated the case for the Secretary. No plenary hearing was held in the district court; the case being submitted on written motions for summary judgment. In view of the emphasis which our court has placed upon the four elements of proof involved in the determination of these claims [3] in Underwood v. Ribicoff, 298 F.2d 850 (1962), and innumerable other cases it would appear that proper presentation of this case by his legal representative would have required that his counsel have suggested to the district court that the record be remanded to the Secretary in order that evidence might be presented under his professional guidance tending to establish the validity of claimant's history of blackout spells, headaches, dizziness, and in general total incapacity to perform even normal domestic chores. This record calls for such evidence in the face of the absence of objective clinical findings to support the petitioner's case history where we are urged to reverse the Examiner's findings on the basis of absence of substantial evidence in the record.

We feel justified in commenting on the presentation of this case in view of the fact that counsel for the petitioner has requested this court to enter an order directing the district court to honor his contingent fee contract of 50% of the recovery. We think the statute, 42 U.S.C. § 406(b) (2), is clearly controlling notwithstanding the contract was made prior thereto and the district court may fix the fee not to exceed 25% of the amount of past due benefits paid both to the disabled worker and his dependents as a consequence of the court's judgment on the merits of the worker's claim. We think this a proper interpretation of the statute since both the insured individual and his dependents gain from the lawyer's successful prosecution of the claim. We do not reach the case in which no request is made to set a fee, as such a request has been made here and we further understand that it will be the Secretary's uniform practice in the future to make such a request.

Reversed and remanded.

---

3. These elements include the subjective evidence of pain and suffering testified to by claimant and corroborated by those who have known and observed him. See Page v. Celebrezze, 311 F.2d 757 (5 Cir. 1963).