**Lovel REDDEN, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 10156.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 8, 1966.

Decided May 12, 1966.

Clay S. Crouse, Beckley, W. Va. (Kermit A. Locke, Beckley, W. Va., on brief), for appellant.

Jack H. Weiner, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., and Kathryn H. Baldwin, Atty., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellee.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and HUTCHE-SON, District Judge.

J. SPENCER BELL, Circuit Judge.

The petitioner appeals from summary judgment of the district court affirming the Secretary's decision that he had not established impairments which brought him within the provisions of the Social Security Act entitling him to a period of disability and disability benefits under sections 216(i) and 223 of that Act. 42 U.S.C. §§ 416(i) and 423.

The petitioner completed the fourth grade; his entire work experience was that of a manual laborer in the coal mines and in construction work.

■ We will not undertake to review the petitioner's numerous physical disabilities, real or imagined, except to point out that all the medical reports agreed that he had pulmonary emphysema and one of the consulting specialists felt it to be sufficiently severe to prevent further hard manual labor. The claimant's most severe impairments are to his nervous and mental system. Claimant was examined by three psychiatrists during the processing of his application. Two of these specialists who examined him in the process of treatment over a period of two months at the Beckley Mental Health Center agreed on a diagnosis of chronic anxiety reaction which was totally disabling and which showed no improvement over the period of treatment. The third specialist, who examined the claimant on only one occasion, found no objective clinical evidence to support the subjective complaints and concluded that the claimant's disabilities were a "conscious or unconscious" mobilization of dependency needs which probably resulted from his intellectual, educational and cultural limitations. The Hearing Examiner rejected the reports of the two psychiatrists who were connected with the Beckley Mental Health Center, where Redden was treated and examined over a period of two months on the grounds that their report did not set forth the basis for their diagnosis and that they must, therefore, have based the diagnosis solely on the claimant's past history and subjective complaints. On the other hand, he accepted the third specialist's report on the grounds that it appeared from the report itself that he had "examined the claimant rather thoroughly." There is no evidential basis in this record for the difference in treatment given to these reports, indeed the entire evidence is to the contrary. The Health Clinic reports speak of continued physical and mental examination and treatment in an effort to rehabilitate the claimant. They also contain internal evidence of knowledge of the claimant's medical treatment at Beckley Memorial Hospital. We think it is apparent from the report that the psychiatrists' opinions were rejected because of the absence in the Examiner's opinion of sufficient objective clinical evidence to support them without proper consideration for the extent of disability flowing from the claimant's psychoneuroses which is supported by the reports of all three psychiatrists. Cf. Page v. Celebrezze, 311 F.2d 757 (5 Cir. 1963). Even if we accept the Examiner's rather arbitrary rejection of the diagnoses of the two psychiatric experts who were in the best position to appraise the petitioner's impairments, we think the opinion ignores three of the four elements of proof which must be considered in appraising these cases: the objective medical evidence of the Beckley Hospital staff, the subjective evidence of disability testified to by the claimant, and the claimant's educational background, work history and age. Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962); Butler v. Flemming, 288 F.2d 591 (5 Cir. 1961). For these reasons, we reverse and remand to the district court to enter summary judgment for the petitioner.

■ Counsel for the petitioner has requested this court to enter an order directing the district court to honor his contingent fee contract of 50% of the recovery. We think the statute, 42 U.S.C. § 406(b) (2), is clearly controlling notwithstanding the contract was made prior thereto and the district court may

fix the fee not to exceed 25% of the amount of past due benefits paid both to the disabled worker and his dependents as a consequence of the court's judgment on the merits of the worker's claim. We think this is a proper interpretation of the statute since both the insured individual and his dependents gain from the lawyer's successful prosecution of the claim. We do not reach the case in which no request is made to set a fee, as such a request has been made here and we further understand that it will be the Secretary's uniform practice in the future to make such a request.

Reversed and remanded.