Ed **BLANKENSHIP**

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare.

Charlie J. **DAVIS**

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare.

James E. **STOKES**

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare.

Civ. A. Nos. 1086, 64–C–99–A, 65–C–45–A.

United States District Court
W. D. Virginia,
Abingdon Division.

July 8, 1966.

Ronald W. May, Combs & May, Pikeville, Ky., W. Clyde Dennis, Grundy, Va., for plaintiff, Ed Blankenship.

James R. Moore, Abingdon, Va., for plaintiff, Charlie J. Davis.

Glen M. Williams, Jonesville, Va., for plaintiff, James E. Stokes.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION

MICHIE, District Judge.

These cases present questions as to the meaning and effect of 42 U.S.C.A. § 406(b) (Supp.1965).

On July 30, 1965 Congress amended the Social Security Act (hereinafter referred to as the Act) and in particular section 206 (42 U.S.C. § 406) (hereinafter referred to as the amendment) to provide for the establishment of attorney fees for representation before the federal courts pursuant to a proceeding for review instituted under 42 U.S.C. § 405(g) (1964 ed.).

In all three cases involved here the social security claimant prevailed in this court and final judgments were entered awarding each claimant a period of disability and disability benefits under the Act. Furthermore, the facts pertinent to this inquiry follow a similar pattern in all of the cases, and therefore will be dealt with generally rather than specifically.

The attorneys herein involved entered into contingent fee agreements with their respective clients, under the terms of which the client promises to pay the attorney a fixed percentage of the past due benefits awarded the client upon his claim should the attorney be successful in prosecuting the claim in the federal court. If the prosecution was unsuccessful, then the attorney was not to be paid any fee. Additionally, in the *Stokes* case, the claimant's wife agreed to pay the attorney a fixed percentage of her past due benefits recovery as a dependent of the claimant Stokes should the prosecution of Stokes' claim be successful. All the contracts involved herein were

made before the enactment of the amendment but final judgments reversing the Secretary and awarding a period of disability and disability benefits were not entered until after the enactment of the amendment.

The first issue before me is whether this amendment provides the sole and exclusive method by which an attorney can receive compensation for his services on behalf of the claimant in prosecuting a review action under 42 U.S.C. § 405(g) before the courts or does the permissive "may" indicate that the court may refrain from setting a fee and thereby leave the attorney to recover his fee as agreed with his client.

The amendment reads as follows:

Section 206. Representation of claimants.

\*　\*　\*　\*　\*　\*

(b) (1) Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 per cent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 205(i), certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

Prior to the amendment, the only provision as to attorney fees in the Act was section 206 [1] [42 U.S.C. § 406 (1964 ed.)] which related only to proceedings before the Secretary. While this section afforded the Secretary sole jurisdiction to determine fees for representation before the Secretary, it did not give the Secretary the power to fix fees for representation on judicial review. Sheppard v. Flemming, 189 F.Supp. 571 (S.D. W.Va.1960). This power of the court prior to the amendment to fix a reasonable fee was conceded by the government in Celebrezze v. Sparks, 228 F.Supp. 508 (E.D.Texas 1964), aff'd 342 F.2d 286 (5th Cir. 1965). However, the government there challenged that portion of the district court's order which ordered the Secretary to withhold the amount of the fee awarded the attorney from the claimant's back award and pay it directly to the attorney contending that such procedure would violate sections 205(i) [42 U.S.C. § 405(i) (1964 ed.)] and 207 [42 U.S.C. § 407 (1964 ed.)] of the Act. The Fifth Circuit dismissed these contentions and held that the language in section 205(i) of the Act "must be held to include a payment of counsel fees out of an award of the benefits under the Act when ordered by a court of competent jurisdiction" and that section 207 "applies only to a 'future payment' whereas the court's order here deals only with past due benefits." Celebrezze v. Sparks, 342 F.2d 286, 288 (5th Cir. 1965). The Fifth Circuit went on to state that they were "in full accord" with our own Court of Appeals decision in Folsom v. McDonald, 237 F.2d 380 (4th Cir. 1956) which held in part that, while nothing in the Act gives the court the power to fix attorney fees, neither was there a provision prohibiting such action by the court and concluded that:

[W]here the court is given jurisdiction of litigation arising under the act, it must be presumed that it was intended that the court should exercise all the

---

1. Now designated section 206(a) [42 U.S.C.A. § 406(a) (Supp.1965)].

powers of a court, including the power * * * to provide for the payment of counsel fees for conducting the litigation from any recovery obtained therein.

Id. at 382–383.

A reading of the present amendment in light of these prior decisions discloses that the apparent purpose of the first sentence of section 206(b)(1) as set forth above was to enact into positive law the *Sparks* and *Folsom* decisions thereby expressly conferring upon the courts the power to set reasonable counsel fees not to exceed 25 percent of the past-due benefits and to direct payment of such fees by the Secretary out of the past-due benefits awarded the successful claimant notwithstanding the provision of 42 U.S.C. § 405(i).

This brings me to counsel's contention that, by use of the word "may" in the first paragraph of the amendment, Congress merely meant the provision to be permissive and not mandatory on the court and parties involved. Counsel point to the last sentence of the first paragraph beginning "In case of any such judgment, * * *." and argue that only where the court renders a combined judgment, that is, one both on the merits and awarding a reasonable attorney fee, is an attorney barred from seeking further compensation from his client. According to counsel's interpretation of the

statute, the court may refrain from setting a reasonable fee, in which case the attorney would be left to pursue his contractual remedies. While there may be some merit in a system such as that for which counsel contend, I do not find that such a system arises under the 1965 amendment. Instead, I find that, by use of the word "judgment" in the last sentence of section 206(b)(1), Congress meant a judgment for the claimant on the merits of his claim alone and not a judgment awarding both recovery on the merits as well as a reasonable attorney fee. My reasons for this conclusion are, first, that if by the word "judgment" Congress meant the combined judgment awarding both the claim and a reasonable attorney fee, then the last phrase of that paragraph ("* * * except as provided in this paragraph.") would be redundant inasmuch as an attorney fee would have already been awarded by the "judgment" construed to mean a combined judgment. Secondly, the first sentence of this paragraph, as I have shown above, is merely an enactment into positive law of the *Sparks* and *Folsom* decisions and Congress added to this positive conference of jurisdiction the second sentence because of its apprehension that attorneys were demanding and collecting as fees inordinately large percentages of the past-due benefits. This fear on the part of Congress is pointed up in the legislative history of the amendment, albeit slim.[2]

2. The following extract I find pertinent to the inquiry under discussion:

It has come to the attention of the committee that attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in the Federal district court actions arising under the social security program. Usually, these large fees result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits. Since litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, are payable if the claimant wins his case.

The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for services rendered in connection with the claim; *no other fee would be payable.* Any violation would be made subject to the same penalties as are provided in the law for charging more than the maximum fee prescribed in regulations for services rendered in connection with proceedings before the Secretary—up to $500, or a year's imprisonment, or both. In order to assure the payment of the fee allowed by the court, the Secretary would be permitted to certify the amount of the fee to the at-

■ Thus, I hold by way of conclusion that the word "judgment" in the last sentence of section 206(b) (1) [42 U.S.C.A. § 406(b) (1) (Supp.1965)] means merely the merits judgment referred to at the outset of that subsection and not a combined merits and fee judgment. Under this interpretation the only fee [3] which an attorney can collect for representing a claimant in the courts under 42 U.S.C. 405(g) is that awarded by the court pursuant to section 206(b) (1) and the seemingly permissive "may" is rendered meaningless since it would seem that some fee should be awarded in every case unless perhaps under very extraordinary circumstances. I think that this is the only meaning that can be attributed to this amendment when it is read and considered, as it must be, in ordinary every day language. Cf. Malat v. Riddell, 383 U.S. 569, 86 S.Ct. 1030, 16 L.Ed.2d 102 (1966). Compare, 28 U.S.C. § 2678 (1964 ed.) regarding attorney fees in cases of recovery under the Federal Torts Claims Act with the amendment in question here. See, Aetna Cas. & Sur. Co. v. United States, 170 F.2d 469 (2d Cir. 1948).

■ This brings me to the second contention put forth by counsel, that even if section 206(b) (1) affords an exclusive means of allowing an attorney compensation for representing a claimant before the federal courts, it was not meant to be applied to abridge fee arrangements entered into prior to the enactment of the amendment. This contention has been squarely answered by the Fourth Circuit in two recent decisions. Lambert v. Celebrezze, 4th Cir., 361 F.2d 677, May 12, 1966; Redden v. Celebrezze, 4th Cir., 361 F.2d 815, May 12, 1966. The following quotation from Redden summarizes the law on this point as it now stands in this Circuit.

Counsel for the petitioner has requested this court to enter an order directing the district court to honor his contingent fee contract of 50% of the recovery. We think the statute, 42 U.S.C. 406(b) (2), is clearly controlling notwithstanding the contract was made prior thereto and the district court may fix the fee not to exceed 25 percent of the amount of past due benefits paid both to the disabled worker and his dependents as a consequence of the court's judgment on the merits of the worker's claim. We think this is a proper interpretation of the statute since both the insured individual and his dependents gain from the lawyer's successful prosecution of the claim. We do not reach the case in which no request is made to set a fee, as such a request has been made here and we further understand that it will be the Secretary's uniform practice in the future to make such a request.

Redden v. Celebrezze, supra, at 816.

■ The power of Congress to impair existing contracts in carrying out legitimate governmental authority is applicable to the case at bar since the subject matter of attorney fees arising from litigation in federal courts is within the constitutional competence of Congress. See Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843 (1920). "Contracts may create rights of property, but, when contracts deal with a subject-matter which lies within the control of Congress, they have a congenital infirmity." Norman v. Baltimore & Ohio R. R., 294 U.S. 240, 307–308, 55 S.Ct. 407, 416, 79 L.Ed. 885, 95 A.L.R. 1352 (1935).

Furthermore, it is clear from both *Lambert* and *Redden* that the reasonable attorney fee awarded by the court pursuant to section 206(b) (1) is payable out of both the claimant's and his dependents'

torney out of the amount of the accrued benefits. S.Rep. No. 404, 89th Cong., 1st Session (1965); 1965 U.S. Code Cong. & Ad.News, p. 2062 [Emphasis added].

3. The government concedes, and quite correctly so, that the attorney is entitled to

be reimbursed for any legitimate expenses undertaken on behalf of his client during the course of prosecuting his claim and that such reimbursement should be in addition to the amount set by the court as a reasonable fee.

accumulated back benefits. The Fourth Circuit reasoned, and I believe correctly so, that both the insured claimant and his dependents benefit from counsel's representation and that each should provide a share of the attorney's fixed compensation.

Counsel have also requested that I rule on the validity of their prior agreements. I find that such a ruling would merely be advisory and therefore improper inasmuch as the above holdings render the question of the initial validity of the contracts moot.

As for a remedy, I will ask each attorney involved to submit a statement, in the form of a motion for the setting of a reasonable attorney fee, outlining only those services rendered to claimant in prosecuting his claim before this court pursuant to 42 U.S.C. § 405(g) as well as the amount of past-due benefits that had accrued to the claimant and, where applicable, his dependent(s) as of the date of entry by me of the judgment on the merits of the respective claimant's claim. I will ask the United States Attorney now, as well as in the future, to submit a proposed order for payment of a reasonable attorney fee setting forth the applicable accrued benefits with a place for entry by me of the percentage as well as the amount in dollars of the reasonable fee which I determine that counsel is entitled to.

Appropriate orders will be entered in accordance with this opinion.

I may add that it is only with the greatest reluctance that I enforce what I believe to be a very unwise law. It has always been the pride of the bar that its members can have no interests adverse to the interests of their clients. But this new law gives every lawyer who takes a social security case an interest adverse to his client. It is obvious that it will always be to the client's interest to get the case concluded as promptly as possible. But under this new law it will always be of financial benefit to the lawyer to delay the case as much as possible so that the accumulated benefits in which he is to share will be larger.

I am sure that not many lawyers will succumb to the temptation so unwisely provided by Congress. But the temptation will be there in every social security case and I fear that some few will not be able to resist the temptation.