**Raymond HOPKINS, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 15724.**

United States Court of Appeals
Seventh Circuit.

March 15, 1967.

Rehearing Denied April 21, 1967
en banc.

Allen Sharp, Williamsport, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., William Kanter, Kathryn H. Baldwin, Dept. of Justice, J. William Doolittle, Acting Asst. Atty. Gen., Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

FAIRCHILD, Circuit Judge.

This appeal, brought in reality by attorney Allen Sharp, involves Sharp's claim that the district court erroneously limited his fee for services in an action to review an administrative decision suspending insurance benefits under the social security act. The problem is the construction of a statute, enacted in 1965, authorizing the court to allow a reasonable attorney's fee where, in such action, a judgment favorable to a claimant is recovered, the fee not to be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." [1]

The secretary contends that the statute applies to all judgments entered after the statute was enacted, and that the 25 percent maximum must be computed upon the total of the past-due benefits to which plaintiff was individually entitled. Sharp contends that the statute was not intended to apply in a case where the fee had been agreed upon before the statute was enacted, but that if it be applicable, the 25 percent is to be computed upon an amount which includes the past-due benefits to which plaintiff's wife and children were entitled, as well as plaintiff's own.

In 1961 and 1962, Raymond Hopkins was receiving disability insurance benefits under the social security act, and his wife and children were receiving the benefits provided by the act for the wife and dependent children of an individual entitled to disability insurance benefits.

1. 42 U.S.C.A. § 406(b) (1), Public Law 89–97, July 30, 1965, 79 Stat. 286.

Late in 1962 the department notified Hopkins that it considered him able to do substantial gainful work and that December, 1962, would be the last month for which he and his wife and children would be entitled to benefits. Hopkins exhausted his administrative remedies, but the final decision was that his benefits had been properly terminated.

Hopkins brought this action to review. His wife and children were not named in either the proceedings for administrative review or as plaintiffs in this action. On September 30, 1965, the district court reversed the secretary's decision and ordered him to "pay disability benefits to the plaintiff from the time of their termination until such time as a new determination is made that plaintiff's disability has, in fact, terminated."

On January 24, 1966, the department wrote Hopkins that because it had been decided that Hopkins was still disabled "you and your family will continue to receive benefit payments." Hopkins' individual past-due benefits through December, 1965, totalled $3,744.80, his wife's benefits $1,287.80, and the children's $3,463.50.

The district court awarded Sharp a fee of 25 percent of the past-due benefits payable to Hopkins individually, up to September 30, 1965, the date of the judgment.

The statute to be construed is as follows:

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and

not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." [2]

Paragraph (b) (2), enacted at the same time, makes it a misdemeanor to charge for services in connection with proceedings to which paragraph (1) is applicable any amount in excess of that allowed by the court.

■ 1. *Application to the instant case.* Sharp and Mr. and Mrs. Hopkins signed a contract in May, 1964, in which the Hopkins employed Sharp to pursue the disability claim in court and fixed Sharp's compensation at 40 percent of the benefits accrued if awarded by the district court, without appeal, and 50 percent if it became necessary to appeal. The complaint was filed July 2, 1964. The statute was enacted July 30, 1965. Most of the services had been rendered before that date. Judgment was rendered September 30, 1965.

Mr. Sharp relies on the rule of construction that "a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application." [3] The judgment was rendered, however, after the statute was enacted, and the statute says "Whenever a court renders a judgment * * *." Strictly speaking, application of this statute to a judgment rendered after its enactment is not retrospective. The retrospective impact results from the fact that this action was begun before the enactment, and that plaintiff and the attorney had agreed upon a fee before that. The same will be true with respect to many judgments rendered after enactment, though the proportion of time elapsed and services rendered before and after the enactment will vary widely. The difficulty of formulating any exception of already pending cases which would still serve the pur-

2. 42 U.S.C.A. § 406(b) (1), Public Law 89–97, July 30, 1965.

3. 2 Sutherland, Statutory Construction 115 (3d ed. 1943).

pose Congress had in mind suggests that it was a deliberate choice to apply the new rule to all cases not yet terminated.

The report of a senate committee makes it plain that Congress was concerned about the charging of inordinately large fees, usually resulting from a contingent fee arrangement,[4] and it seems a very reasonable choice to make the remedy apply to all pending cases.

The fourth circuit has held the statute applicable where judgment was entered after the enactment, notwithstanding the existence of a prior fee contract.[5]

We find no basis for any construction which would exempt the allowance of fee in the instant case from the application of the statute.

2. *The base upon which the 25 percent maximum is to be computed.* Mr. Sharp points out that although the past-due benefits for Raymond Hopkins individually, accrued to the end of 1965 (something less at date of judgment) were some $3,700, the judgment also determined, in actual, though incidental, effect, that Mrs. Hopkins and the children were entitled to benefits, so that some $8,000 were the real total amount recovered for the Hopkins family as a result of Sharp's efforts. He contends that the 25 percent limitation should be computed upon the larger figure.

The key word is "claimant," as used in sec. 406(b) (1). That statute operates "whenever a court renders a judgment favorable to a claimant," the claimant must have been "represented before the court by an attorney," and the maximum limit of attorney's fees is measured by a percentage of the benefits "to which the claimant is entitled by reason of such judgment." The word "claimant" is found in the preceding subs. (a), which deals with representation of claimants in administrative proceedings before the secretary.

Mr. Sharp would contend that "claimant" may be read in the plural and includes those whose right to what may be termed derivative benefits is established by the judgment in favor of one found to be entitled to what may be termed primary benefits. If Mr. Hopkins is the only "claimant," the district court correctly limited the fee to 25 percent of the past-due benefits accrued to him. If his wife and children are also "claimants," the district court might have allowed a larger fee, but not in excess of 25 percent of the past-due benefits accrued to all.

Under a strict construction of the words in the statute, no one could be a "claimant * * * who was represented before the court by an attorney" unless he were a plaintiff in the action. Here, the only plaintiff was Hopkins.

But while such construction would exclude the wife and children from the category of "claimant" in this case, because they were not plaintiffs, and hence would exclude their past-due benefits from the base on which the maximum attorney's fee would be computed, it would make the result depend on a procedural detail. Here the administrative decision

---

4. "It has come to the attention of the committee that attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program. Usually, these large fees result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits. Since litigation necessarily involves a considerable lapse of time, in many cases large amounts of accrued benefits, and consequently large legal fees, are payable if the claimant wins his case.

"The committee bill would provide that whenever a court renders a judgment favorable to a claimant, it would have express authority to allow as part of its judgment a reasonable fee, not in excess of 25 percent of accrued benefits, for services rendered in connection with the claim; no other fee would be payable. * * *" S.Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), U.S.Code Cong. & Admin.News 1965, p. 2062.

5. *Lambert v. Celebrezze* (4th Cir. 1966), 361 F.2d 677, 679; *Redden v. Celebrezze* (4th Cir. 1966), 361 F.2d 815, 816.

under review terminated the payment of benefits to all four in the Hopkins family upon the single ground that Hopkins was no longer entitled, and all could have joined as plaintiffs. In many cases, although each beneficiary must make a separate application, it would be possible to make such application and have each applicant become a plaintiff in an action to review the administrative denials. It does not seem satisfactory, therefore, to rest our decision upon the proposition that a beneficiary is not a "claimant" unless he is a "plaintiff."

In broader terms, the question is whether "claimant" under this statute includes all persons whose entitlement to benefits is established by the resolution of the issue before the court, in this case, Mr. Hopkins' disability, or whether "claimant" as used in the statute means only the applicant for primary benefits in any case where his entitlement is the issue.[6]

The fourth circuit has adopted the first construction, holding that "the statutory words 'past-due benefits to which the claimant is entitled by reason of such judgment' mean the entire group of benefits payable to the primary claimant on his own behalf and to him and other dependent members of his family on their behalf."[7]

We, however, with all respect to our brethren of the fourth circuit, choose the latter construction. We do so because it more closely limits fees, and such was the concern of Congress in enacting the statute. It also seems probable that those who drafted the statute assumed that where the dispute was over the entitlement of the individual applying for primary benefits, only he, and not those who would be entitled to derivative benefits, would appear as claimant before the secretary or as plaintiff before the court. The words they chose should be interpreted accordingly even though, as previously pointed out, it may be possible to have all interested beneficiaries formally pursue the administrative remedy and seek judicial review as plaintiffs. Furthermore, although "the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause" make up but one of the elements thought proper in determining a lawyer's fee,[8] this element is no greater in presenting an action to review denial of benefits to an applicant who is single and without dependents, than in presenting the same issues in an action where the applicant has a wife and children. We think it unlikely that Congress intended that in a case like this the maximum fee should be more than twice as large as it would have been if Mr. Hopkins happened to be single.

We consider the district court reached the correct decision, and the order appealed from is

Affirmed.

---

6. Even under the latter alternative, an applicant for derivative benefits would be deemed a "claimant" under some circumstances. For example the issue might be whether an applicant was as she claimed to be, the wife of an individual who was entitled to primary benefits.

7. Redden v. Celebrezze, Lambert v. Celebrezze (4th Cir. 1966), 370 F.2d 373, 375, aff'g on rehearing *en banc* 361 F.2d 815 and 361 F.2d 677.

8. The others are: "(2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. * * *" ABA Canons of Professional Ethics No. 12.