Pearlie SIMS, Widow and next of kin of Alfred Sims, Plaintiff-Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 17356.

United States Court of Appeals Sixth Circuit.

June 10, 1967.

---

H. H. Gearinger, Chattanooga, Tenn. (Gearinger & Vineyard, Chattanooga, Tenn., on the brief), for appellant.

Morton Hollander, Atty., Dept. of Justice, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., Jack H. Weiner, Atty., Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, McCREE, Circuit Judge, and KENT, District Judge.*

McCREE, Circuit Judge.

This appeal, though captioned in the name of Pearlie Sims, is actually the appeal of her attorney, who disputes the amount of the fee fixed for him by the

---

* Honorable W. Wallace Kent, Chief Judge, United States District Court for the West-

ern District of Michigan, sitting by designation.

district court under 42 U.S.C. § 406(b)(1) following his successful district court challenge of the Secretary's denial of social security disability insurance benefits to Mrs. Sims' husband. Upon the husband's death, Mrs. Sims had been substituted as plaintiff in a representative capacity in the district court proceedings. The court fixed the attorney's fee at "twenty-five percent of the sum recovered of the defendant by the plaintiff." The attorney moved for a supplemental order providing that he should receive 25 percent not only of the amount to which Mr. Sims was entitled, but also of the amounts which Mr. Sims' dependents might, upon application, receive as a result of Mr. Sims' award. The district court denied this motion.

The statute which the attorney claims the district court to have erroneously construed reads in pertinent part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment * * *. 42 U.S.C. § 406(b)(1).

The Courts of Appeals of two circuits have already considered the question of the basis to which the statutory percentage is to be applied in determining the maximum attorney's fee. The Seventh Circuit, in Hopkins v. Gardner, 374 F.2d 726 (1967), has held, in accord with the ruling of the district court in the present case and with the position urged by the Secretary in this appeal, that the maximum attorney's fee should be 25 percent of the past-due benefits payable to the insured only. The Fourth Circuit, in Lambert v. Celebrezze, 361 F.2d 677 (1966) and Redden v. Celebrezze, 361 F.2d 815 (1966) rehearing denied en banc, 370 F.2d 373 (1966), has agreed with the attorney in this case that the maximum should be 25 percent of the amount pay-

able to the insured and also of the amount which may be payable to his dependents as a consequence of the judgment in his favor.

It is noteworthy that in any given case, the Fourth and Seventh Circuits might arrive at the same dollar amount in determining the appropriate fee. Although the Fourth Circuit uses a larger basis, it recognizes that "the statute requires that the judge determine a reasonable fee," and that such a fee might be substantially less than 25 percent of the amount payable to the insured. 370 F.2d at 376. The Seventh Circuit, on the other hand, suggests that if an attorney must prove a matter such as the relationship of a purported dependent to the insured, the court can take the dependent's benefits into account in determining the attorney's fee. 374 F.2d at 730. Hence, it may be said that the issue between the two circuits is whether, as a matter of law, the court, in setting the attorney fee should, be precluded from taking certain amounts into consideration in the absence of special circumstances justifying the inclusion of those amounts. With deference to the Court of Appeals for the Fourth Circuit, we believe the solution of the Seventh Circuit is more closely in accord with both the plain language of the statute and with the policy which the statute was designed to further.

▮ The reference in the statute to a judgment "favorable to a claimant under this subchapter" is of little help in solving our present problem, since both the insured and his dependents may qualify as "claimants." 42 U.S.C. §§ 402, 405(b), (g). It is also of scant assistance that the statute requires the claimant to have been "represented before the court by an attorney," since, as both the Fourth and Seventh Circuits have noted, it is not difficult under the social security statutes to add the dependents as parties. 42 U.S.C. § 405(g). It does seem significant, however, that the statute refers to "the past-due benefits to which the claimant is entitled by reason of such judgment." In a case such as the present one, the insured's dependents are not

"entitled" to benefits as a result of a judgment in favor of the insured. This judgment is certainly helpful in paving the way for the payment of benefits to the dependents, but the dependents must still satisfy the Secretary as to their relationship to the insured and other statutory requirements. 42 U.S.C. § 402(b)–(h).

It may be observed that the Fourth Circuit, in determining that the benefits payable to both the insured and his dependents might be considered in fixing fees, stated, "We assume, of course the absence of any question that the children listed by Redden are his and are dependents." 370 F.2d at 375. This assumption presents certain difficulties, as the district judge recognized in the present case in his memorandum accompanying the order denying the request for additional fees:

> Dependents must establish the relationship required by statute and such relationship is at times denied by the government. There is always the possibility that dependents might have the need of representation in establishing their own rights to the payment of benefits based on another's claim; and if such representation were by a different person, or in a different proceeding, those beneficiaries' benefits could be taxed with fees above and beyond those contemplated by the statute * * *.

██ Even if the district court could be certain that the question of the insured's disability was the only precondition to the receipt of benefits by the dependents, we would refrain from holding that a court judgment determining the question of disability in favor of the insured would permit the dependents' benefits to be used in fixing the attorney's fee. Section 406(b) (1) was added to the Social Security Act in 1965 for the purpose of preventing attorneys from receiving "inordinately large fees." U.S. Code Congressional and Administrative News, 89th Cong., 1st Sess., 1965, p. 2062. This court is mindful of the fact that attorneys representing social secur-

ity claimants often perform arduous work in return for compensation which cannot, in any absolute sense, be termed "inordinately large." Attorneys' fees in this area, however, cannot be viewed in a vacuum, but must be examined in relation to the needs of the claimants. When so viewed, it is apparent that an increase in fees for court representation based upon the fortuity of the insured having dependents would defeat the purpose of the statute. If dependents do receive benefits, the attorney will of course be able to obtain the compensation provided by the statutes and regulations for representation before the Secretary; but only if the attorney is required to raise in the district court such issues as the relationship of a dependent to the insured should the dependent's benefits be considered "benefits to which the claimant is entitled by reason of" the judgment of the court.

The judgment of the district court is affirmed.