**Manuel WILSON, Plaintiff-Appellee**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**Civ. No. 5703.**

United States District Court
S. D. Ohio, W. D.
Oct. 30, 1967.

James E. Waldo, Ironton, Ohio, for plaintiff-appellee.

Robert M. Draper, U. S. Atty., E. Winther McCroom, First Asst. U. S. Atty., for defendant-appellant.

## OPINION AND ORDER

HOGAN, District Judge.

On January 7, 1967, this Court entered a judgment reversing a decision of the defendant Secretary in respect of the disability of the plaintiff and remanding this case, with the direction that the plaintiff be found, as of October 17, 1961, under a disability as defined in Section 423 of Title 42, U.S.C. and that he be awarded such benefits under the Social Security Act as Amended, Title 42 U.S.C., based on such finding, to which he may be entitled according to law. Reference is made to 42 U.S.C. § 406(b) (1), reciting:

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 per cent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, * * *"

with the notation that at the time of the entry of the above described judgment, no such determination with respect to

attorney's fees was made although the claimant was represented, and ably so, before this Court by counsel.

On February 14, 1967, the defendant Secretary appealed the above judgment to the Court of Appeals for the Sixth Circuit. On April 17, 1967, pursuant to a stipulation of counsel for both appellant and appellee, the appeal was dismissed.

On June 9, 1967, the attorney for the claimant filed in this Court a motion "that no determination of attorney's fees be made in this case for the reason that this plaintiff has previously entered into an arrangement as to attorney's fees with his attorneys herein; that said arrangement is satisfactory to him and requests that said arrangement not be disturbed; that the balance found due him on his past benefits be ordered forwarded to him immediately by the defendant herein, the Department of Health, Education and Welfare." It is that motion which is before the Court and which has been briefed on both sides. The motion is signed by both the claimant Mr. Wilson and his counsel and, in addition, the moving parties have submitted affidavits from both the claimant and his wife indicating that a satisfactory contingent fee arrangement was entered into by the claimant and his attorney, which remains satisfactory to both the claimant and his attorney. Presumptively, the contingent fee arrangement is for something in excess of 25%[1] and presumptively this arrangement was entered into prior to July 30, 1965, (the effective date of Section 406(b) (1)). Prior to the effective date of that amendment it appears to have been the law that in situations in which a court, for one reason or another, did not exercise its innate power to fix fees in this type of case, a contingent fee agreement was effective and was enforceable, without regard to the percentage, be it 10, or 20, or 30, or 40, or even 50%.

The plaintiff claimant bottoms his motion on two arguments. The first is that a contingent fee agreement entered into prior to the effective date of the amendment is, in any event, enforceable—that any other construction would constitute an unconstitutional interference with the rights of individuals to contract. The second argument is that the jurisdiction of a District Court is limited to action taken at the same time the original judgment is entered; or stated otherwise, the argument is that in the absence of action by a District Court a contingent fee contract may be enforced even though it exceeds 25%.

■ Persuasive, if not mandatory, authority is all the other way in respect of the first argument and we reject it for that reason. See Lambert v. Celebrezze, 361 F.2d 677 (4th, 1966); Redden v. Celebrezze, 361 F.2d 815 (4th, 1966); the Redden case on rehearing, 370 F.2d 373; McKittrick v. Gardner, 378 F.2d 872 (4th, 1967); Hopkins v. Gardner, 374 F.2d 726 (7th, 1967). See also Sims v. Gardner, 378 F.2d 70 at page 72, (6th, 1967) where the Sixth Circuit said:

"Section 406(b) (1) was added to the Social Security Act in 1965 for the purpose of preventing attorneys from receiving 'inordinately large fees.'"

■ The second argument has been dealt with in a well and forcefully reasoned case. See Blankenship v. Gardner, 256 F.Supp. 405 (D.C.Va.1966). In that case Judge Michie arrived at these conclusions:

"(a) The word 'judgment' used in the 1965 amendment means the merits judgment and not a combined merits and fee judgment.

"(b) The only fee which an attorney can collect for representing a claimant is that awarded by the court in an appropriate proceeding in the case in which the award is made."

---

[1]. If this assumption is in error, it should be called to the Court's attention, because in that event an evidentiary hearing may be in order.

For the reasons stated in Judge Michie's opinion, to which we refer, we come to the same conclusions. In respect of one aspect of the argument urged here, we would add only several practical matters. In the first place, at the time of entry of judgment, the District Judge is not aware of the amount of the award—in fact, the award in this case of $10,756.00 was not made until a substantial period of time after the entry by this Court of its judgment.

In the second place, at the time of the entry of judgment, it is not known whether an appeal will be taken; and if so, whether it will be briefed and argued; and if so, what the result will be; or, as occurred in this case, whether an appeal will be taken and dismissed. The point is that it would be a useless thing to determine fees until the eventualities are known. In a number of cases this would merely force counsel and a District Court to do the same thing twice in different contexts and both counsel and District Courts are sufficiently otherwise occupied. In other words, once is enough.

■ We, for the reasons above adopted and given, deny the motion of claimant and his counsel and since sufficient is before us, and we are limited to 25% in any event, we go to the merits of the fee determination.

■ In ordinary circumstances, it would appear that the 25% maximum should be awarded only in cases which have gone to a Court of Appeals. This one, in fact, did despite the fact that it was dismissed by stipulation. Furthermore, this is not a usual case in any sense of the word as the amount of the past due primary award exceeding $10,000.00 would indicate. As a matter of fact, this case started out with an application originally filed in 1961. It went through a hearing and a rehearing, both of which resulted in denials to the claimant. The claimant's counsel was employed in the spring of 1964 and promptly took an appeal to the Appeals Council. That was denied and counsel promptly appealed to this Court in July of 1964. Although the Secretary had this matter under his wing for approximately four years, in October of 1965 he filed a motion to remand to his own administrative agencies, which motion was granted. In July of 1965, a rehearing or supplemental hearing was held, at which time the claimant was represented by counsel. The hearing was, for this type of matter, of extended duration, as indicated by the Examiner's 15-page recommended decision. Counsel, on behalf of the claimant, appealed the adverse decision to the Appeals Council. He met with no success there. He appealed to this Court and we must note in fairness that no personal appearance was made before this Court, nor was any brief filed by or on behalf of claimant, although it is obvious that considerable work had been done by counsel in connection with the supplemental rehearing, if that be a right word, both law-preparation-wise and fact-preparation-wise.

■ In a nutshell, claimant's counsel has filed what amounts to four appeals before either courts or administrative bodies, and has had the responsibility of representation in a case pending in the Sixth Circuit. No court would be hesitant in taking judicial notice that, in a matter of this kind, counsel representing an injured person seeking relief over a period of approximately three years receives sufficient inquiries with respect to the status to amount to a most considerable expenditure of counsel's time. We, therefore, have no hesitancy in determining that counsel for the claimant in this case is entitled to the maximum 25% of the primary past due award, which amounted to $10,756.00, as above stated.