Ethelle B. ROBINSON, Appellee,

v.

John W. GARDNER, Secretary, Department of Health, Education, and Welfare, Appellant (two cases).

Nos. 10407, 10546.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 6, 1967.

Decided March 7, 1967.

William Kanter, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, and John C. Williams, U. S. Atty., on brief), for appellant.

John Beasley, Greenwood, S. C., for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Fees of 50% of past-due Social Security payments, 42 U.S.C. § 402 et seq., owing to Ethelle B. Robinson were allowed to her attorney by the District Court on September 10, 1965 on her petition in her action for recovery of such benefits. The Secretary of Health, Education and Welfare appeals.

Appellant's point is that as the award indisputably comprehended not only counsel's services in the suit but also those at the administrative stages of the claim, the award was illegal. Since we think the Court was without jurisdiction to decree compensation for professional representation within HEW, we vacate the order, and remand for reconsideration of the petition.

The application of Ethelle Robinson for disability benefits under the Act, §§ 216 (i) and 223, 42 U.S.C. §§ 416(i) and 423, was filed on June 20, 1961, denied by the Bureau of Old Age and Survivors Insurance on September 27, and refused reconsideration March 20, 1962. Thereupon she engaged an attorney who obtained and appeared in a hearing before a Social Security examiner. Again her claim failed, despite the prosecution of it by counsel to a final administrative decision in April 1963.

The attorney then filed the present suit on May 18, 1963 under § 205(g) of the Act, 42 U.S.C. § 405(g), for a review of this decision. Although the claimant and attorney were prepared for trial, the Secretary prior to the hearing in the District Court moved and procured on June 9, 1965 a remand of the claim to HEW to take additional evidence. The upshot was an honoring of the claim. The matured instalments amounted to about $3679.50 at the time the petition for the

attorney's compensation was presented to the Court. His entitlement was confirmed by a contract, still avouched by his client, for a contingent fee to him of 50 percent of the accumulated moneys.

■ The matter of fees for legal services performed within HEW on Social Security claims has been committed by statute to the responsibility of the Secretary exclusively. This customary province of the courts has been preempted by Congress. Hence, to the extent the District Court's allowance here is for services in the Department, the reimbursement cannot stand. Nor does the client's consent to recompense her lawyer in this sum or manner remove the allotment from the Secretary's control.

The Social Security Act, § 206, 42 U.S. C. § 406, and the Secretary's authorized regulations speak unequivocally and completely to these points, thus by statute:

"§ 406. Representation of claimants before the Secretary.

"The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. Any person * * * who shall knowingly charge or collect directly or indirectly any fee in excess of the maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, prescribed by the Secretary shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall for each offense be punished by a fine not exceeding $500 or by imprisonment not exceeding one year, or both."

The regulations provide:

"§ 404.976 Attorneys.

"An attorney * * * may upon petition therefor and good cause shown charge and receive such fee for services rendered in any proceeding under title II of the act before the Bureau of Old-Age and Survivors Insurance, or a hearing examiner, or the Appeals Council (see § 404.977a), as may be approved by such Bureau, hearing examiner, or Appeals Council, respectively: *Provided,* That no such approval shall be required for charging or receiving a fee for such services in a total amount not greater than the following: Representation before the Bureau only, $20; representation before a hearing examiner and/or the Appeals Council only, $30; representation before the Bureau and a hearing examiner and/or the Appeals Council, $50. This limitation shall be applicable whether the fee is paid by a party to the proceeding or by someone else." 20 C.F.R. § 404.976.

\* \* \* \* \* \*

"§ 404.977a Services rendered in a title II proceeding.

"Services rendered in a proceeding under title II of the act consist of services rendered in connection with any claim before the Secretary of Health, Education, and Welfare under such title, including any services in connection with any asserted right calling for an initial or reconsidered determination by the Bureau, a decision by a hearing examiner or a decision or order by the Appeals Council. This includes, but is not limited to, services in connection with an application for benefits or a lump sum, the establishment or continuance of a period of disability; a request for a modification of the amount of benefits or lump sum, or the reinstatement of benefits; proof of support from an insured individual by a husband, widower, parent or former wife divorced; and a request for the revision of an earnings record." 20 C.F.R. § 404.977a.

Though we do not reach the question, so exclusive has this prerogative of the Secretary been deemed that his judgment has been declared beyond review in the courts. Chernock v. Gardner, 360 F.2d 257 (3 Cir.1966).

■ On the other hand, jurisdiction of the courts to fix a fee, and direct the Secretary to take it from past-due in-

**952**

stalments, for the assistance of counsel in court is clearly recognized. Celebrezze v. Sparks, 342 F.2d 286 (5 Cir. 1965) approving our holding in Folsom v. McDonald, 237 F.2d 380 (4 Cir. 1956). Further, we have said that in reckoning the amount, the District Judge could consider the entire recovery ordered by the court when the Secretary had dismissed the claim. Indeed, we thought there should be included in this base such sums as thereby became payable to claimant's dependents. Redden v. Celebrezze, 361 F.2d 815 (4 Cir. 1966) and Lambert v. Celebrezze, 361 F.2d 677 (4 Cir. 1966). Never, however, were the attorney's efforts in the Department admitted in the calculation.

The order before us must, therefore, be vacated and the action returned to the District Court to restudy the amount reasonably needed to reimburse the attorney in his instance for his labor, when measured by the employment of his time, industry and ability, in the District Court. While not applicable here because not enacted until after the remand of the Robinson claim to the Secretary, the amendment to the Social Security Act,[1] setting 25% as the maximum court fee, reveals Congressional opinion on the fairness of fees and should be considered now. In our estimation even 25% is too much here. The attorney-client agreement is a consideration, of course, but the final fitting of the fee to the services remains the duty of the court. *Redden* and *Lambert* supra.

To avoid overlapping and to reach a single, composite fee for all legal work, it would seem advisable for the District Court in this instance to defer its computation until the Secretary has made his determination.

Also before us, in No. 10,546, is the Secretary's appeal from the District Court's order of February 8, 1966. It directed him forthwith to pay the attorney 25% of the accrued payments, on account of fee, and put the remaining 25% "on deposit with the Clerk of Court

pending further order of this [the District] Court". With the Secretary we think this order was not permissible. The case had earlier passed out of the trial court's jurisdiction by reason of the filing, on November 9, 1965, of the notice of appeal from the order entered September 10, 1965, now on review. 7 Moore's Federal Practice (2d ed. 1966) § 73.13, pp. 3210–11.

Reversed and remanded.

---

1. Pub.L. 89–97, Title III, § 332, 79 Stat. 403.