**William Alvin CONNER, Appellee,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellant.**

**No. 11136.**

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1967.

Decided July 25, 1967.

Morton Hollander, Attorney, Department of Justice (Barefoot Sanders, Asst. Atty. Gen., and William Kanter, Attorney, Department of Justice, and Thomas B. Mason, U. S. Atty., on brief), for appellant.

Ralph Masinter, Roanoke, Va., for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

The sole question on this appeal is whether an attorney who represented an allegedly disabled person in seeking review in the District Court of the denial of Social Security benefits by the Secretary of Health, Education and Welfare may be awarded a counsel fee by that court where no judgment has been entered specifically awarding benefits but the case is remanded to the Secretary who, after a hearing on new evidence, awards benefits and an attorney's fee.

Claimant William Alvin Conner (hereinafter Conner or claimant) filed an application for disability benefits with the Department of Health, Education and

Welfare on December 24, 1963, alleging that he had been unable to work since January 25, 1962. On February 18, 1964, Conner was informed that his application had been denied. His request for reconsideration was likewise denied. On October 1, 1964, Conner retained Attorney Ralph Masinter of Roanoke, Virginia, to represent him. Upon claimant's petition, filed by counsel, a new hearing of the claim was had on January 7, 1965. On February 5, 1965, the Hearing Examiner ruled that claimant was not entitled to benefits and the Appeals Council affirmed on March 1, 1965.

On March 12, 1965, claimant filed a complaint in the United States District Court seeking review of the Secretary's decision. Counsel held many conferences with the United States Attorney and with the District Judge on the subject matter of this complaint. At the same time he requested that the Appeals Council seek a remand of the case for an evaluation of new medical evidence with respect to surgery which claimant had undergone.

On October 19, 1965, at claimant's request, the District Court entered an order remanding the case to the Appeals Council, without prejudice, for a hearing on this new evidence. After hearing, the Examiner recommended that claimant be entitled to full disability benefits retroactive to July 7, 1964. Claimant then appealed this decision to the Appeals Council which modified the ruling by awarding him total disability benefits retroactive to January 25, 1962.

Conner had agreed to pay counsel a contingent fee in the amount of one-third of the benefits which might be awarded plus disbursements. The past-due benefits amounted to $9,220.80.

Counsel had claimant's checks cashed and withheld one-third, advising claimant and the Appeals Council that he would hold the proceeds of the checks in escrow pending a decision as to the amount of his fee.

The Appeals Council responded that the usual fee was $50.00 unless a larger fee could be justified. The attorney then furnished to the Appeals Council a detailed statement of the time spent on claimant's case, which included 140 hours' work before the Social Security division, and 22 hours of work in the District Court. On August 31, 1966, the Appeals Council awarded counsel a fee in the amount of $1,000.00 for services rendered in the proceedings before the Department. Counsel then made application to the District Court for additional fees which would compensate him for the time spent in the proceedings in court. The District Court awarded counsel an additional fee of $844.16. The Secretary appeals from that decision, contending that the District Court was without authority to award counsel fees when it did not enter a judgment awarding benefits. We affirm the judgment below.

Prior to the enactment of the 1965 amendments, the Social Security Act made no provision for the payment of fees to attorneys rendering services in the courts. However, the amendment to section 206 of the Act, reproduced in the margin [1], gave the courts express authority to award counsel's fees. The purpose of the amendment was to guarantee that attorneys rendering effective and productive services in the courts would receive reasonable compensation for their services but at the same time Congress sought to prevent the charging of ex-

1. Section 206(b) (1) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 205(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b) (1).

cessive and oppressive fees. To this end the amendment provided that the court may determine and award a fee not to exceed 25 percent of the total of the past-due benefits.

It is the Secretary's contention that, under the provisions of the amendment, three conditions must be satisfied before the court may award a fee: (1) there must be a judgment, (2) which is favorable to the claimant, and (3) which awards him benefits. Applying this construction of the amendment to the instant case it is argued that while a remand for the purpose of taking new evidence is a judgment favorable to the claimant, the court did not award benefits and, therefore, had no authority to award a counsel fee.

The problem presented in this appeal has not been squarely considered or answered by this or any other circuit. The Secretary relies on Ealey v. Gardner, No. 16,736 (6 Cir. Dec. 7, 1966), an unreported order of the Sixth Circuit. There the court of appeals had remanded a case to the Secretary for the purpose of taking additional evidence as to surgery which claimant had recently undergone. After a hearing, the Secretary awarded benefits. Claimant's attorney sought to have the case redocketed in the court of appeals for the purpose of obtaining a fee. The Sixth Circuit held that "[t]his Court has not entered any judgment in this cause and does not believe that the matter of attorney fees is one for its consideration." The court cited no cases, nor did it indulge in any real discussion of the statute. For these reasons that decision is unpersuasive.

The Secretary relies also on Chernock v. Gardner, 360 F.2d 257 (3 Cir. 1966). The question in that case was whether the Secretary's award of an attorney's fee in a proceeding in which the Secretary had awarded benefits was appealable to the federal courts under section 205(g), 42 U.S.C. § 405(g). The Third Circuit affirmed the District Court's holding that the Secretary's designation of a fee was not appealable. But the claim for disability benefits had not reached the federal courts and no attorney's fee had been set by the courts. *Chernock* is thus distinguishable from the case at bar.

Counsel for claimant cites Robinson v. Gardner, 374 F.2d 949 (4 Cir. 1967), in support of his contention that the District Court had authority to award a fee despite the fact that it did not render a judgment specifically awarding disability benefits. The issue before the court in *Robinson* was whether the District Court, in its award of an attorney fee, could take cognizance of the attorney's services rendered at the administrative level. After the Secretary's decision denying benefits Robinson had filed suit in the District Court. However, the Secretary immediately sought and procured a remand for the purpose of taking additional evidence. After the hearing, benefits were awarded to claimant and his attorney petitioned the court for a fee. A fee in the amount of 50 percent of the past-due benefits, as fixed by a contingent fee contract, was allowed by the District Court. The Secretary appealed and we reversed, holding that the District Court was without jurisdiction to decree compensation for representation within the Department of Health, Education and Welfare. However, we returned the case to the District Court for a reappraisal of the amount "reasonably needed to reimburse the attorney * * * for his labor, when measured by the employment of his time, industry and ability, in the District Court." 374 F.2d at 952. This portion of the decision in *Robinson* is relied upon by claimant's counsel in the present case. The Secretary points out that the case was not based on the 1965 amendment. While it is true that the decision there was not based upon the 1965 amendment, we impliedly held that the District Court could award attorneys' fees despite the fact that it did not render a judgment for benefits. Thus, that case would seem to be a clear rejection of the Secretary's contention that the court's authority to award counsel fees derives solely from the 1965 amendment.

Should the Secretary prevail in this case there would be a serious hiatus in the Social Security law which would work to the ultimate detriment of those seeking disability benefits. The Secretary's authority to award counsel fees extends only to services rendered at the administrative stage. See § 206(a), 42 U.S.C. § 406(a), 20 C.F.R. §§ 404.976, 404.977a (1967). No appeal from his decision may be taken. Chernock v. Gardner, supra, 360 F.2d 257. The Secretary, in turn, is powerless to award fees for services rendered in court. In the face of these facts the Secretary would have us limit the court's power to award fees to those situations in which the District Court entered a judgment specifically awarding benefits. Under this view, an attorney, such as counsel in this case, who renders substantial service before the court and is successful in obtaining a remand which ultimately leads to an award of benefits would be compensated only for work done at the administrative level; his labors in court, no matter how effective and productive as in the instant case, would go unrewarded. This might tend to discourage attorneys from undertaking to represent claimants in such cases. In McKittrick v. Gardner, 378 F.2d 872 (4 Cir. June 1967), it was noted that "[a]vailability of lawyers to such claimants is of the highest importance * * *." It would further appear that counsel seeking judicial review of the Secretary's denial of benefits would be loath to request a remand—no matter how appropriate—especially where there appeared to be a strong possibility that the Secretary's decision would be reversed by the court.

We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits. While the 1965 amendment is not concerned with the specific situation before us, we conclude that the intent of Congress was broad enough to encompass it. The purpose of this amendment was to provide, within reasonable limits, fees for attorneys rendering services in the District Court. To permit counsel to receive a reasonable fee for such services will not defeat such purpose, but will serve to advance it.

The total fee in this case, $1,844.16, amounted to 20 percent of the total benefits awarded by the Secretary, not including counsel's disbursements, and is within the statutory limit. The District Court was familiar with the quality of counsel's performance before it and was provided with detailed information documenting the hours spent in preparing the case for presentation. McKittrick v. Gardner, supra. Therefore, we uphold the District Court in allowing a fee to counsel despite the fact that the judgment did not specifically award benefits to the claimant. Without the assistance of counsel in resorting to the court below claimant would have been deprived of the benefits which had been denied repeatedly by the Secretary.

Affirmed.