John W. GARDNER, Secretary of Health, Education and Welfare, Appellant,

v.

Estelle R. MITCHELL, Appellee.

No. 24540.

United States Court of Appeals
Fifth Circuit.

March 18, 1968.

basis for the award. The attorneys offered records showing that they devoted a total of 193 hours to representing claimant; 146 hours on the administrative level, and 47 hours in the District Court. They offered the case of Robinson v. Celebrezze, 1965, W.D.S.C., 248 F.Supp. 149, as authority for awarding a fee of fifty per cent of the recovery. That case has now been reversed on the ground that the lower court was without jurisdiction to award fees for services at the administrative level. See Robinson v. Gardner, 4 Cir., 1967, 374 F.2d 949.

The District Court was aware of the mandate of Congress, 42 U.S.C.A. § 406(b) (1), that a fee of no more than twenty five per cent may now be awarded by the court in a case of this kind. That statute, however, is not retroactive to this case although it may, of course, be considered as a factor or guide in arriving at a reasonable fee.

Our first impression was that the fee was awarded for services both in the court and on the administrative level. See Robinson v. Gardner, supra; Gardner v. Menendez, 1 Cir., 1967, 373 F.2d 488; Chernock v. Gardner, 3 Cir., 1966, 360 F.2d 257 which hold that a court is without jurisdiction to award fees for professional representation in the administrative proceedings.

On oral argument counsel stipulated that the fee awarded was for services rendered in the District Court only. This being the case, we hold that the District Court exceeded its discretion in awarding a fee in such an amount for the services entailed in the District Court. The case must be reversed so that the District Court may consider the question anew. See Celebrezze v. Sparks, 5 Cir., 1965, 342 F.2d 286, where we said that the power of the court to fix and allow reasonable attorney's fees " * * * may well protect indigent claimants from oppressive and improvident arrangements."

Reversed and remanded for further proceedings not inconsistent herewith.

---

Kathryn H. Baldwin, Jack H. Weiner, William Kanter, Attys., Dept. of Justice, Carl Eardley, Acting Asst. Atty. Gen., Charles L. Goodson, U. S. Atty., Washington, D. C., for appellant.

John E. Sacker, Jr., Marie Leachman, Atlanta, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

This appeal involves the award of fees to attorneys representing Mrs. Mitchell who claimed disability benefits under the Social Security Act. 42 U.S.C.A. §§ 416(i) and 423(a). The District Court reversed the denial of the claim by the Secretary and awarded relief. There was no appeal. The Court then awarded a fee of $2,130.60 to counsel. This amount represented fifty per cent of the recovery and was the amount claimed under a contingent fee contract entered into shortly after the entry of judgment for claimant in the District Court.

The District Court considered the entire record and all circumstances, including the contingent fee contract, as the