FURNITURE FORWARDERS OF ST. LOUIS, INC., et al., Appellants,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, Appellee.

No. 19019.

United States Court of Appeals Eighth Circuit.

April 30, 1968.

Edward K. Fehlig, of Hocker, Goodwin & MacGreevy, St. Louis, Mo., for appellants; Lon Hocker, St. Louis, Mo., on the brief.

Terrence L. Croft, of Coburn, Croft & Kohn, St. Louis, Mo., for appellee; Alan E. Popkins, St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an appeal from final judgment awarding plaintiff railroad judgment for demurrage resulting from holding certain freight cars for defendant Furniture Forwarders of St. Louis, Inc., for a longer period of time than allowed by applicable tariffs. This action arises under 49 U.S.C.A. § 1 et seq. Jurisdiction is based upon 28 U.S.C.A. § 1337.

The facts, all of which are stipulated, and the issues are fairly set out in the well-considered opinion of Judge Meredith reported at 272 F.Supp. 62. We believe that Judge Meredith properly interpreted the stipulation of the parties and that pursuant to such stipulation, he accordingly interpreted the battery rate tariff, set out in pertinent part in his opinion, as requiring one seeking the benefit of the battery rate to cover shipments of multiple cars from one consignor to one consignee to make all such shipments in one day. We adopt Judge Meredith's interpretation of the battery tariff upon the basis of the sound reasoning supporting such interpretation as set forth in his opinion.

Neither party has cited any court case or Interstate Commerce Commission decision interpreting the battery tariff other than the criminal prosecution of plaintiff described in the stipulation of the parties as follows:

"At the instance of the Interstate Commerce Commission, on March 23, 1965, the United States Attorney for the Eastern Judicial District of Missouri, Eastern Division, brought criminal charges against the plaintiff arising out of plaintiff's practice of several years of moving cars separately as they were received from defendant without awaiting the entire battery and still giving defendant the benefit of the battery rate. This case was styled United States v. Chicago, Rock Island & Pacific Railroad Co., 65 Cr. 73(1). Plaintiff pleaded nolo contendere to these charges on November 5, 1965, and was assessed a fine in the amount of Three Thousand Dollars ($3,000.00). While these facts are stipulated, defendant objects to their use as evidence in this cause for the reason that there was no administrative or judicial determination of the issues therein."

While the decision referred to in the stipulation is in no sense binding upon us, we believe the fact that the Interstate Commerce Commission launched the prosecution is indicative that the Commission interprets the statute in the same manner as the trial court did.

The interpretation of the battery tariff was the controlling issue submitted to the court by the parties by their stipulation and the decision of the trial court upon such issue, which we uphold, supports the judgment in favor of the railroad for the demurrage it claims.

▆ Defendants' contention upon appeal that the trial court decided this case upon a false issue which was not before the court is wholly without merit. We agree with defendants' statement that this is a suit for demurrage, not a rate case, and we also agree that the right to demurrage must be based upon established tariffs.

The parties stipulated as to the number of days each involved car was held and also with respect to the total amount due for demurrage in event any demurrage is due. It is true, as urged by the defendants, that the stipulation includes the statement reading, "Defendant disputes, however, plaintiff's right to have held the cars at all under the applicable freight tariffs, and this is the principal issue of this law suit."

Immediately following this, the stipulation provides:

"It is therefore stipulated that if plaintiff, under the terms of the applicable tariff and in order to give defendant the benefit of the battery rate, was required to hold the cars for the amount of time it actually did, then plaintiff is entitled to judgment for the prayer on both counts of its Amended Complaint."

Other pertinent parts of the stipulation read:

"It is agreed that the defendant shipper intended that the battery rate apply to all the shipments involved in this lawsuit and that the defendant has so informed the plaintiff."

\* \* \* \* \* \*

"The issue to be determined herein is whether by the terms of the tariff, plaintiff was to hold the cars and move the entire battery after all the cars had been loaded and furnished to it, or whether plaintiff could have moved each car separately and still have given defendant the benefit of the battery rate."

▆ The purpose of a stipulation is to dispense with proof on the stipulated issues. It seems clear to us that the stipulation reflects that the parties were not contesting the amount or validity of the demurrage claim and that an agreement was made between the parties that demurrage would be allowed as claimed by the railroad in the event the battery tariff was interpreted to require as a prerequisite that all shipments be made on the same day to take advantage of the battery rate.

Stipulations of fact fairly entered into are controlling and conclusive and courts are bound to enforce them. Farmers Co-op. Elevator Ass'n v. Strand, 8 Cir., 382 F.2d 224, 231; Osborne v. United States, 8 Cir., 351 F.2d 111, 120; Burstein v. United States, 8 Cir., 232 F.2d 19, 22.

It is established, as stated by the trial court, that the battery rate is considerably cheaper than the carload rate even if the demurrage charges claimed are added. It is apparent from the portions of the stipulation heretofore quoted that it was defendants' dominant purpose to obtain the battery rate and that such purpose was communicated to the plaintiff. By reason of the public policy requiring rates charged to be in accord with the established tariffs, a stipulation for a demurrage charge inconsistent with prevailing tariffs would not be enforceable. However, such is not the situation here. It is true, as stated by defendants, that National Car Service Order 975 requires outbound loaded freight cars to be moved within twenty-four hours following acceptance by the carrier of shipping instructions. It may be assumed for the purpose of this case that appropriate shipping instructions were given at the time the cars were loaded. However, National Car Service Order 975 also provides an exception to the foregoing, found at ICC 95.975(a) (3) (ii), which provides that the twenty-four hour shipment rule does not apply to "loaded cars held subject to the instructions of consignee, consignor or other qualified owner of the freight container [sic] therein."

The court, upon the basis of the stipulation, was warranted in determining that the defendant consignor had given instructions to the carrier to hold up all shipments until the battery was complete if such course was necessary to obtain the battery rate. The court summarizes its holdings as follows:

> "The parties have stipulated that 'if plaintiff, under the terms of the applicable tariff and in order to give defendant the benefit of the battery rate, was required to hold the cars for the amount of time it actually did, then plaintiff is entitled to judgment for the prayer on both counts of its amended complaint.'

> "It is concluded that in order to obtain the battery rate on a shipment of two or more cars, the cars must be tendered in the same day, and it follows that in order to give defendants the battery rate, plaintiff was compelled to detain cars until the entire battery was delivered. Therefore, plaintiff is entitled to awards of damages as requested." 272 F.Supp. 62, 64.

We hold that the court correctly interpreted and applied the stipulation of the parties.

The judgment is affirmed.