Frank G. **FENIX** and Jessie P. Fenix,
Appellees,

v.

Robert H. **FINCH**, Secretary of Health,
Education and Welfare, Appellant.

No. 19679.

United States Court of Appeals,
Eighth Circuit.

Jan. 19, 1971.

Norman Knopf, Atty., U. S. Department of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Calvin K. Hamilton, U. S. Atty., Kathryn H. Baldwin, Atty., Department of Justice, Washington, D. C., for appellant.

Malcolm Robertson, Joplin, Mo., Karl W. Blanchard, Blanchard, Van Fleet & Robertson, Joplin, Mo., of counsel, for appellees.

Before BLACKMUN,* MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

The Secretary of Health, Education and Welfare appeals from an award of attorneys' fees ordered by the district court in a social security case. The Secretary charges that the amount of the award is controlled by and is violative of 42 U.S.C. § 406(b), which limits the maximum attorneys' fees which may be awarded by the district court to twenty-five per cent of the past-due social security benefits recovered as a result of court proceedings. We hold that under the circumstances of this case the Act is not controlling, since it is not retroactive, and affirm the judgment of the district court, as modified.

Attorneys were first employed in this case on March 12, 1962 on a fifty per cent contingent fee basis and have represented claimants continuously since that time, securing two reversals by the district court of rulings by the Secretary, Fenix v. Celebrezze, 243 F.Supp. 816 (W.D.Mo.1965); Fenix v. Celebrezze, 289 F.Supp. 758 (W.D.Mo.1968). After the second remand to the Secretary, he computed the amount of past-due benefits recovered as a result of court proceedings to be $17,181.50 and approved an award by the district court of twenty-five per cent of that amount, or $4,295.38, as attorneys' fees. He objected, however, to the court's order "that said allowance be without prejudice to said attorneys collecting an additional reasonable fee for services rendered in securing reversal of the refund order made by the Social Security Administration in the amount of $5,021.30 for alleged overpayment of benefits, but not to exceed 25% of $5,021.30."

On appeal, the Secretary objects for the first time to the $4,295.38 award, asserting that it was discovered after the appeal was docketed in this court that the Secretary erroneously computed the amount of past-due benefits recovered in the court proceedings on which the

* Mr. Justice Blackmun, who sat on this panel as a member of this court before his elevation to the United States Supreme Court, did not participate in the consideration or decision of this case.

fee was based, mistakenly including $5,-021.30 which was awarded administratively, and that the correct amount on which to figure the attorneys' fees in the district court is $12,160.20 ($17,181.-50 less $5,021.30). He contends that 42 U.S.C. § 406(b) is applicable and makes it unlawful for the district court to award a fee in excess of twenty-five per cent of $12,160.20, or $3,040.05. He further asserts that the $5,021.30 on which the court gave its permission to secure an additional twenty-five per cent fee represents part of the past-due benefits recovered administratively and that the court therefore had no authority to authorize the collection of a fee on these funds.

Frank Fenix first made application for social security benefits in September, 1956 at the age of sixty-nine. He reported the period from January 1, 1955 to September 30, 1956 during which he was employed by the St. Regis Mining Company, a partnership owned by his son Gilbert and another man, as part of the six quarters of employment required to qualify for benefits and was awarded $104.50 per month. In January, 1957 his wife, Jessie, applied for benefits based upon her husband's employment record and was awarded $52.30 per month. Mr. and Mrs. Fenix continued to receive monthly payments until May, 1959 at which time the Secretary discovered that Fenix's son, Gilbert, had acquired, on February 7, 1955, all of the assets of the St. Regis Mining Company for which his father had worked and reported employment from January 1, 1955 to September 30, 1956. The Secretary then notified Mr. and Mrs. Fenix that this made the elder Fenix's employment "family employment" which was exempt from coverage under the Social Security Act at that time and that without this period of employment Fenix did not have the required six quarters of coverage. He thereupon denied future benefits and directed Mr. and Mrs. Fenix to repay the government the total of $5,021.30 in benefits which they had received. They refused and employed counsel, as hereinbefore mentioned, ultimately prevailing in the district court.

The first reversal by the district court was on June 22, 1965, a little over a month prior to the effective date of 42 U.S.C. § 406(b) which prohibits an award by the court of an attorneys' fee of more than twenty-five per cent of the past-due social security benefits recovered as a result of a court proceeding.[1] When the case was remanded to the Secretary, however, he failed to apply the legal standard of actual or constructive notice designated by the district court in its opinion as the standard to be used in determining whether Fenix had adequate notice of the dissolution of the partnership, again holding that Fenix and his wife were not entitled to benefits under the 1956–1957 applications for the reason that they had "implied" notice. Claimants again appealed and on August 8, 1968 the district court, in reversing the Secretary for the second time, 289 F.Supp. 758, held that the ruling of the Secretary that Fenix had "implied" notice of the dissolution of the partnership was an inappropriate legal standard and that since it was found that he had no actual nor constructive notice Mr. and Mrs. Fenix were entitled to the $5,021.30 in benefits already received and to the additional amount thereafter accrued under said applications to be computed by the Secretary.

In the meantime, claimants had filed new applications for benefits in 1962, substituting another employment period for the one rejected by the Secretary. These applications were not finally acted upon by the Secretary until July, 1968, approximately a month prior to the rendition of the second opinion by the district court on the 1956–1957 applications. The Secretary ruled administratively that claimants were entitled to benefits under the 1962 applications and that the total past-due benefits accrued thereunder amounted to $11,835.20. Since at that time the district court case

---

1. The effective date of 42 U.S.C. § 406(b) was July 30, 1965.

on the 1956–1957 applications was still pending in which the Secretary was contending that the claimants owed the government $5,021.30 allegedly erroneously paid to them under the 1956–1957 applications, the Secretary did not pay claimants the full administrative award of $11,835.20 under the 1962 applications but kept the amount allegedly due the government of $5,021.30 as a set-off, thereby absolving them for that alleged debt, and paid claimants the difference of $6,813.90.

When the district court held the following month that claimants were entitled to benefits under the 1956–1957 applications, the court remanded the case to the Secretary to compute the amount due claimants. In making the computation, the Secretary included the amount awarded administratively of $11,835.20 under the 1962 applications in the total amount to which claimants were entitled under all applications and arrived at a figure of $23,995.40. The Secretary then deducted from this amount the administrative lump-sum payment to claimants the preceding month of $6,813.90, certifying to the court that the total benefits recovered by the claimants in the district court amounted to $17,181.-50. This did not take into account the $5,021.30 which had been paid to them in monthly payments prior to May, 1959 when the payments were stopped. Assuming without deciding that 42 U.S.C. § 406(b) was applicable, the court thereafter awarded attorneys' fees of twenty-five per cent of $17,181.50, or $4,295.38, with the express approval of the Secretary. Over the objections of the Secretary, however, the court added that this allowance was "without prejudice to said attorneys collecting an additional reasonable fee for services rendered in securing reversal of the refund order made by the Social Security Administration in the amount of $5,021.30 for alleged overpayment of benefits, but not to exceed 25% of $5,021.30." The Secretary contends that the award of attorneys' fees should be vacated and the matter remanded for a new computation.

Claimants contend that the statute is not applicable since it is not retroactive and therefore the award is not unlawful; that regardless of whether the Secretary's present computations are correct, his contention that his previous computations are incorrect is not timely; and that since the Secretary conceded or stipulated that the district court should base its award of attorneys' fees on a recovery of $17,181.50, it cannot dispute this on appeal.

We affirm the district court's award of $4,295.38 in attorneys' fees and modify the court's order to hold that this allowance is without prejudice to the right of said attorneys to pursue the matter of their application to the Secretary for collection of a fee on the amount awarded administratively.

The crucial date in determining whether 42 U.S.C. § 406(b) is retroactive to this case is the date of the first favorable remand to the Secretary, which was on June 22, 1965. Fenix v. Celebrezze, *supra*, 243 F.Supp. 816, 824. This was prior to the effective date of the Act on July 30, 1965 and therefore the Act is not retroactive to this case and the court may award a fee in excess of twenty-five percent so long as it is reasonable.

In Ray v. Gardner, 387 F.2d 162, 165 (4th Cir. 1967), Judge Haynsworth, speaking for the court, said:

"When the first judicial litigation terminated in a remand of the proceedings to the Secretary for further administrative consideration, a favorable court judgment was entered within the meaning of 42 U.S.C.A. § 406(b) (1), justifying a judicial award of a reasonable attorney's fee if, subsequently, there was an administrative or judicial award of benefits."

Since the case was first reversed and remanded prior to the passage of the statute limiting the fee which the court could award, the Act would not control, even though there was no final determination at the administrative level as a result of the first remand. The district court's first opinion in 243 F.Supp. 816

was clear and explicit that there must be actual or constructive notice to Fenix of the dissolution of the partnership before he could be denied coverage for the period of his employment after dissolution, and the case was remanded to the Secretary to make this determination. The fact that the Appeals Council did not follow this legal standard designated by the court when the case was remanded the first time does not alter the fact that a favorable court judgment was entered for claimants prior to the passage of 42 U.S.C. § 406(b) (1) and that the court ordered a remand to the Secretary who ultimately (after the second remand) honored the claim for benefits. See Ray v. Gardner, *supra*, 387 F.2d at 165, and Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967). The court is not therefore bound to limit the fee to twenty-five per cent, although some courts have done so even though the Act is not retroactive.

In Conner v. Gardner, *supra*, 381 F.2d at 500, the court said:

"We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits. While the 1965 amendment is not concerned with the specific situation before us, we conclude that the intent of Congress was broad enough to encompass it. The purpose of this amendment was to provide, within reasonable limits, fees for attorneys rendering services in the District Court. To permit counsel to receive a reasonable fee for such services will not defeat such purpose, but will serve to advance it."

The Secretary contended in the *Conner* case that since the district court merely reversed and remanded the case for further proceedings at the administrative level there was no judgment for past-due claims and consequently the district court was without authority to award a fee for the work done in the district court. Al-though the statute is not applicable in the present case, we think that the court's language in *Conner* where it pointed out the absurdity to which a contrary holding would lead is pertinent (381 F.2d at 500):

"Should the Secretary prevail in this case there would be a serious hiatus in the Social Security law which would work to the ultimate detriment of those seeking disability benefits. The Secretary's authority to award counsel fees extends only to services rendered at the administrative stage. See § 206 (a), 42 U.S.C. § 406(a), 20 C.F.R. §§ 404.976, 404.977a (1967). No appeal from his decision may be taken. Chernock v. Gardner, supra, 360 F.2d 257. The Secretary, in turn, is powerless to award fees for services rendered in court. In the face of these facts the Secretary would have us limit the court's power to award fees to those situations in which the District Court entered a judgment specifically awarding benefits. Under this view, an attorney, such as counsel in this case, who renders substantial service before the court and is successful in obtaining a remand which ultimately leads to an award of benefits would be compensated only for work done at the administrative level; his labors in court, no matter how effective and productive as in the instant case, would go unrewarded. This might tend to discourage attorneys from undertaking to represent claimants in such cases * *. It would further appear that counsel seeking judicial review of the Secretary's denial of benefits would be loath to request a remand—no matter how appropriate—especially where there appeared to be a strong possibility that the Secretary's decision would be reversed by the court."

It is true as we have pointed out that even in cases where the statute is not applicable some courts have considered it as a factor or guide in fixing a reasonable fee. In Gardner v. Mitchell, 391 F. 2d 582, 583 (5th Cir. 1968), the court, in

speaking of the twenty-five per cent limitation, said:

"That statute, however, is not retroactive to this case although it may, of course, be considered as a factor or guide in arriving at a reasonable fee."

Similarly, in Robinson v. Gardner, 374 F.2d 949, 952 (4th Cir. 1967), the court observed:

"While not applicable here because not enacted until after the remand of the Robinson claim to the Secretary, the amendment to the Social Security Act, setting 25% as the maximum court fee, reveals Congressional opinion on the fairness of fees and should be considered now. * * * The attorney-client agreement is a consideration, of course, but the final fitting of the fee to the services remains the duty of the court."

Cf. McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967).

■■ Where the statute is not applicable, however, as in this case, an award in excess of twenty-five per cent is not unlawful, as the Secretary charges here, and the test to be applied is the reasonableness of the fee awarded. The district court found "that the reasonable value of the services of counsel for the plaintiffs is greatly in excess of 25% of the amount of award of past due benefits to plaintiffs" but assumed without deciding that the court was limited by the statute and awarded the maximum thereunder of twenty-five per cent of the total past-due benefits as computed by the Secretary in the amount of $17,181.50, or $4,295.38 as attorneys' fees. Therefore, even though the fees awarded amount to more than twenty-five per cent of $12,160.20, the amount now contended by the Secretary to be the correct figure on which the fee should be based, it is not unlawful and neither is it unreasonable. As a matter of fact, since this computation was not presented to the district court and there is no record evidence concerning it, this issue is not properly before this court. See Ford v. Boeger, 362 F.2d 999, 1006–1007 (8th

Cir. 1966), cert. denied, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1967); Kern v. Prudential Ins. Co. of America, 293 F.2d 251, 259 (8th Cir. 1961), cert. denied, 368 U.S. 969, 82 S.Ct. 443, 7 L.Ed. 2d 397 (1962). This case has been in litigation in the courts since 1962 and we find no justification nor requirement for remanding it to the district court for reconsideration of the amount of the fee. It seems to us high time that all issues should be finally adjudicated, including the award of attorneys' fees.

The Secretary has cited a number of cases holding that a contingent fee contract entered into prior to the effective date of the Act does not render it ineffective, e. g., Redden v. Celebrezze, 361 F.2d 815 (4th Cir. 1966); Lambert v. Celebrezze, 361 F.2d 677 (4th Cir. 1966); Hopkins v. Gardner, 374 F.2d 726 (7th Cir. 1967), rev'd on other grounds, Hopkins v. Cohen, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968); Wilson v. Gardner, 282 F.Supp. 287 (S.D.Ohio 1967). This is indeed true but these cases are not in point inasmuch as claimants do not contend that the fifty per cent contingent fee contract which was entered into by the parties in 1962 controls. Also, these cases are inapposite for the reason that in none of them was it shown that there was a remand favorable to the claimant prior to the effective date of the Act so as to render it ineffective for that reason.

Even if we were to hold as some other courts have held that we should follow the statute as a guideline although it is not retroactive to this case, we would be justified in affirming the award of $4,295.38 on the basis that it is twenty-five per cent of the recovery stipulated by the Secretary. It is undisputed that the court remanded the case to the Secretary to compute the amount of past-due benefits to which claimants were entitled. It is also undisputed that the Secretary computed the amount of benefits yet unpaid to be $17,181.50 and expressly agreed with the court's determination that the attorneys should receive a fee of twenty-five per cent of that amount

or $4,295.38. After the case had been docketed in this court and attorneys in the Department of Justice were preparing the briefs to be filed, it was discovered that a portion of the administrative award had not been deducted from the total award and they concluded that the amount recovered under the 1956–1957 applications was actually $12,160.20 ($23,995.40 less the administrative award of $11,835.20 under the 1962 applications). The asserted discrepancy was therefore never brought to the attention of the district court and was brought to the attention of this court for the first time in the Secretary's brief. The appeal on the merits was withdrawn by the Secretary on November 7, 1968 and thereafter he paid claimants $12,-886.12 ($17,181.50 less $4,295.38 which he withheld for attorneys' fees). We think the Secretary's objection to the computation of the attorneys' fees on the $17,181.50 which the Secretary initially certified to the court as the total past-due benefits derived from the court proceedings came too late.

It is well settled that stipulations of fact fairly entered into are controlling and conclusive and courts are bound to enforce them. Furniture Forwarders of St. Louis v. Chicago, R. I. & P. R. R., 393 F.2d 537, 539 (8th Cir. 1968); Osborne v. United States, 351 F.2d 111, 120 (8th Cir. 1965); Burstein v. United States, 232 F.2d 19, 22 (8th Cir. 1956). The general rule is that parties are bound by stipulations voluntarily made and that relief from such stipulations after judgment is warranted only under exceptional circumstances. Farmers Co-op. Elevator Ass'n Non-Stock, Big Springs, Neb. v. Strand, 382 F.2d 224, 231 (8th Cir. 1967), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967); Ehlers v. Vinal, 382 F.2d 58 (8th Cir. 1967). While relief may be granted from a stipulation under appropriate circumstances, no showing warranting such relief is made here. See O'Neill v. United States, 411 F.2d 139 (3rd Cir. 1969); Osborne v. United States, *supra*. See also and compare

Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969), where the court held that the Secretary was not entitled to relief under Fed.R.Civ.P. 60(b) which authorizes relief from judgment for mistake, inadvertence, etc. where six per cent interest on past-due benefits was awarded and all parties agreed to this but there was no statutory provision for the government to pay interest. The court said that "it is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." 405 F.2d at 835.

In United States v. Righter, 400 F.2d 344, 351 (8th Cir. 1968), we said:

"In its reply brief here the government asserts that if we remand, 'evenhandedness would require that the Government, on remand, be relieved of its stipulation as to the value of the 316 shares'. We regard that stipulation, in contrast to the one as to the two figures, as flat and decisive. It reads, 'The fair market value of said 316 shares of stock one year after the decedent's death was $379,200'. We are not free to disregard it."

In United States v. Star Construction Co., 186 F.2d 666, 669 (10th Cir. 1951), the court said:

"We are of the opinion that the United States Attorney, both by his statement in open court on December 22, 1949, and by his motion to correct the judgment, agreed that a tax credit in the sum of $62,170.71 should be allowed, and that in that posture of the record, the United States may not now challenge the correctness of the tax credit. A party is not aggrieved by a ruling regularly made, with his express or implied consent."

In the district court's order allowing attorneys' fees, Chief Judge Becker noted, "The Government has advised the Court that there is no objection to an allowance of 25% of $17,181.50." We therefore hold that the Secretary's stipulation that $17,181.50 was the correct amount on which to base the award of

attorneys' fees and his consent to a fee amounting to twenty-five per cent of that amount is binding upon the government on appeal and that for this reason also the award of $4,295.38 thus computed should be affirmed.

On the other hand, it is clear that the court had no authority concerning fees on any sum awarded administratively. It is well settled that the court is without jurisdiction to award fees for services at the administrative level. Conner v. Gardner, *supra*, 381 F. 2d at 500; Robinson v. Gardner, 374 F. 2d 949 (4th Cir. 1967); Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967); Chernock v. Gardner, 360 F.2d 257, 259 (3rd Cir. 1966). The matter of fees for legal services performed within HEW on Social Security claims has been committed by statute to the responsibility of the Secretary exclusively, this customary province of the courts having been preempted by Congress. Robinson v. Gardner, *supra*, 374 F.2d at 951; 42 U.S.C. § 406; Soc.Sec.Adm.Reg. §§ 404.976, 404.-977a, 42 U.S.C. App.; Gardner v. Menendez, *supra*, 373 F.2d at 490. The case before us concerns only the 1956–1957 applications. The only reason the proceeds from the administrative award on the 1962 applications became intermingled was that the government elected to repay itself, so to speak, for the $5,-021.30 allegedly due it for monthly benefits previously paid to claimants under the 1956–1957 applications out of the $11,835.20 administrative award on the 1962 applications. On February 2, 1967 the Appeals Council proposed to enter into the record the 1962 applications and certain other related documents and thereafter ruled that claimants were entitled to benefits thereunder. There was no appeal from this administrative award. The misunderstanding appears to have occurred because of the Secretary's failure to compute separately the amount to which claimants were entitled under the 1956–1957 applications and the

1962 applications. The record shows, however, that the Secretary found that claimants were entitled to $23,995.40 under all applications and that they received $11,835.20 as an administrative award prior to the court's latest decision in this case reported in 289 F.Supp. 758 —$5,021.30 over a period of years and $6,813.90 in a lump sum. The Secretary's contentions on appeal, therefore, are that the benefits recovered under the 1956–1957 applications would amount to the balance of the total benefits, or $12,-160.20. For the reasons hereinbefore stated, however, even if true and if properly before this court, this would not invalidate the court's award of attorneys' fees in the amount of $4,295.38 and said award is hereby affirmed.

We note that our allowance of the aforementioned fee is without prejudice to the attorneys' rights, if they so desire, to pursue their application to the Secretary for fees on the administrative award.

It is so ordered.