Lydia **ROSADO VAZQUEZ**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Defendant.

**Civ. No. 83–1373 GG.**

United States District Court,
D. Puerto Rico.

April 23, 1985.

María Dolores Rivera, Bayamón, P.R., for plaintiff.

---

**1.** Title 42 of the United States Code, Section 406(b)(1) provides in pertinent part that:

Whenever a court renders a *judgment favorable* to a claimant under this subchapter who

## OPINION AND ORDER

GIERBOLINI, District Judge.

This case originally came before this court seeking judicial review of the Secretary's decision terminating plaintiff's Social Security disability benefits. On September 15, 1983, this case was remanded for further administrative action pursuant to the Secretary's own motion under Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. 405(g). While on remand, the Appeals Council determined that plaintiff continued to be disabled and, accordingly, awarded her disability benefits.

Thereafter, on October 16, 1984, plaintiff's counsel filed a Motion Requesting Attorney's Fees. In consideration of this motion, we entered an order requiring counsel to provide us with the proper documentation from the Secretary certifying the amount retained for attorney's fees. Counsel submitted this information on December 17, 1984.

Defendant, then, filed an objection to petitioner's motion, contending that an award of attorney's fees in this case would be inconsistent with Section 206(b) of the Social Security Act, 42 U.S.C. 406(b).[1]

Defendant essentially argues that we are precluded from awarding attorney's fees under Section 406(b) because we did not render a "judgment" but instead ordered this case to be remanded. A remand, she argues, is not a judgment within the meaning of Section 406(b)(1). Any request for attorney's fees must, therefore, be submitted to the Secretary and not to this court.

It is clear that only the Secretary and not this court may award attorney's fees for services rendered solely before the administrative agency. *Gardner v. Menéndez*, 373 F.2d 488 (1st Cir.1967);

was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, ... (emphasis provided).

*Morris v. Social Security Administration,* 689 F.2d 495 (4th Cir.1982). However, the question is whether Section 406(b) should be construed so narrowly so as to disallow an award of attorney's fees for services rendered before this court when a case is remanded to the Secretary. We think not.

In *Conner v. Gardner,* 381 F.2d 497 (4th Cir.1967), the court considered this question in a case where the district court had not entered a judgment specifically awarding benefits to the claimant but had instead remanded it to the Secretary. The Fourth Circuit held that an attorney can be awarded fees for substantial work done before the district court even though the benefits were ultimately awarded at the administrative level.[2] *Id.* at 500.

In consideration of this, it is our opinion that an attorney is entitled to reasonable compensation for his services performed before this court when he successfully obtains a remand which ultimately leads to an award of benefits for the claimant. *See Morris, supra; Conner, supra.* If we were to rule otherwise, an attorney would have to risk providing his services before this court gratuitously—presumably against his volition—since a remand would eliminate any entitlement to attorney's fees. Tantamount to this is the fact that he would not be able to receive compensation for his services from the Secretary since the Secretary, herself, is powerless to award fees for services rendered in a district court. *See Gardner, supra.* This would inevitably discourage administrative appeals to this court to the possible detriment of poor litigants. Mindful of this, we hold that counsel in this case should be awarded attorney's fees.

■ Counsel has requested the approval of fifteen (15) hours at $75.00 an hour, for a total of $1,125.00. From the onset, however, we must delete 3½ hours for services provided during the administrative proceedings since only the Secretary can assess the

value of such services rendered below. *See Gardner, supra.* Of the remaining 11½ hours, we find that only eight (8) hours are reasonable since this case was remanded immediately after the complaint was filed upon the Secretary's motion. Our assessment is based on the simple nature of this case and on our knowledge, experience, and familiarity with the rates of attorneys recoverable in these cases. Accordingly, the petition is hereby granted and counsel is hereby awarded fees in the total amount of $600.00.

SO ORDERED.

---

**2.** This conclusion is clearly supported by *Menéndez, supra,* even though the court does not specifically answer this question.