**Walter D. CLIMER, Petitioner,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Respondent.**

**Civ. No. C85–3029.**

United States District Court,
N.D. Iowa, C.D.

July 3, 1986.

Robert W. Pratt, Des Moines, Ia., for plaintiff.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Ia., for U.S.

MEMORANDUM OPINION

LAY, Chief Judge.*

In a prior proceeding, this court reversed the Secretary of Health and Human Servic-

---

* The HONORABLE DONALD P. LAY, Chief Judge of the United States Court of Appeals for the Eighth Circuit, sitting by special designation.

es' decision denying Walter D. Climer's application for disability insurance benefits under 42 U.S.C. § 423 and directed the Secretary to award Climer benefits as of September 1, 1983. Climer now seeks an award of attorneys' fees under 42 U.S.C. § 406(b) (1982), allowing a reasonable fee for successfully representing a social security claimant, not in excess of twenty-five percent of the claimant's total past due benefits. Climer also seeks attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West Supp. 1986), which provides that a prevailing party in an action against the United States is entitled to an award of costs and attorneys' fees unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.

Because an EAJA award does not reduce the amount of benefits received by a claimant and thus is obviously preferable to the claimant, we first consider Climer's request for attorneys' fees under the EAJA. The major issue regarding the propriety of an EAJA award in this case is whether the government's position, including the Secretary's position in the administrative proceeding and the government's litigation position, was "substantially justified." In applying the newly amended and reenacted version of the EAJA, the Eighth Circuit held in *United States v. 1,378.65 Acres of Land,* 794 F.2d 313 (8th Cir.1986), that the "substantial justification" standard requires the government to show that its position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Slip op. at 11. Although a finding that agency action was not supported by substantial evidence does not automatically entitle the prevailing party to fees or establish a presumption of entitlement to fees, the fact that a finding by the government was not supported by substantial evidence on the record as a whole should be accorded careful scrutiny. 131 Cong.Rec. H.4763 (daily ed. June 24, 1985) (statement of Congressman Kindness).

■ After carefully reviewing the record, this court concludes that the government's position was not substantially justified. In determining that Climer was capable of performing his past work as a meatcutter, the administrative law judge completely ignored the fact that Climer's work as a meatcutter required him to work in a cold room and that every doctor who examined Climer noted that cold temperatures aggravated his condition. Equally disturbing is that every physician who examined Climer concluded that he was disabled. Finally, the Secretary's decision seems to ignore the report of a vocational expert that concluded Climer was unemployable in light of his impairments, advanced age, and limited education and training. This is not simply a case in which there was no objective medical evidence supporting the claimant's disability application and the ALJ determined that the claimant's subjective complaints of pain were not credible. Rather, both the ALJ and the Appeals Council apparently ignored evidence that supported Climer's disability application. The court thus concludes that the government's position was not substantially justified and that Climer is entitled to attorneys' fees under the EAJA.

■ Climer seeks to recover $2,212.50 in attorneys' fees under the EAJA representing 29.50 hours of work at the rate of $75 per hour. The government has not contested the reasonableness of this hourly rate. The government does argue, however, that Climer may not recover under the EAJA for 10.25 hours of work performed by his attorney at the administrative level. This court agrees. In *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984), the Eighth Circuit held that the EAJA does not allow for recovery of fees for work performed in a nonadversary proceeding at the administrative level. *Id.* at 988–89. Climer is therefore only entitled to fees under the EAJA for the 19.25 hours of work performed by his attorney at the district court level.

As to Climer's request for fees under 42 U.S.C. § 406(b), it is clear that Climer's attorney is not entitled to additional fees

for work performed at the district court level because the attorney will be compensated for these services under the EAJA. Although Climer has not been compensated for the work performed by his attorney at the administrative level, section 406(b) does not authorize courts to determine fees for administrative proceedings. *Fenix v. Finch*, 436 F.2d 831, 838 (8th Cir.1971).

Accordingly, Climer is entitled to an award of $1,443.75 in attorneys' fees under the EAJA. No further fees shall be awarded by this court under 42 U.S.C. § 406(b).