Accordingly, we affirm the judgment of the district court.

Bobby SMITH, Social Security # 345–50–9267, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health & Human Services, Defendant–Appellee.

Bobby L. RUSHER, Plaintiff–Appellant,

v.

DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

June SEEGRAVES, Social Security # 491–48–5054, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health & Human Services, Defendant–Appellee.

Robin DECKER, Sr., Social Security # 431–98–9026, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary, Health & Human Services, Defendant–Appellee.

Della WELLS, Social Security # 430–94–0508, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of the Department of Health & Human Services, Defendant–Appellee.

Bobby KIRKSEY, Plaintiff–Appellant,

v.

DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

Nos. 92–2457, 92–2884, 92–2888, 92–2904, 92–3131 and 92–3156.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1993.

Decided Feb. 17, 1993.

Rehearing and Rehearing En Banc Denied April 19, 1993.

Anthony W. Bartels, Jonesboro, AR, argued, for plaintiffs-appellants.

Charlotte M. Connery–Aujla, Dept. of Health and Human Services, Baltimore, MD, argued (Michael W. Spades, Jr., Asst. U.S. Atty., on the brief), for defendants-appellees.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Bobby Smith, the recipient of social security benefits, and Anthony W. Bartels, his lawyer, appeal from a magistrate judge's [1] order stating that the federal courts did not have authority to award attorneys' fees for a claimant's administrative level representation, *see* 42 U.S.C.A. § 406. (1991), and awarding attorneys' fees in an amount that was less than twenty-five percent of past-due benefits. We affirm.[2]

After the Secretary denied Smith's application for social security benefits, Smith successfully appealed to the district court. The district court remanded the case to the Secretary with instructions to award Smith past-due benefits. Bartels then applied to the district court for attorneys' fees in an amount equal to twenty-five percent of Smith's past-due benefits. Bartels' itemization of hours spent on the case included hours spent representing Smith at the administrative level, as well as before the district court. The magistrate judge determined that he could not award attorneys' fees for services rendered at the administrative level. The magistrate judge then awarded $100 per hour for services rendered at the district court level, provided that amount ($1,900 total) did not exceed twenty-five percent of Smith's past-due benefits. This appeal followed.

Relying on *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972), and *Dearing v. Secretary of Health & Human Services,* 815 F.2d 1082 (6th Cir.1987), Bartels argues that the tribunal which upholds a claim for disability benefits is the tribunal that should award attorneys' fees for all services rendered, including those at the administrative level. We have already addressed this issue in *Fenix v. Finch,* 436 F.2d 831, 838 (8th Cir.1971). We held that the federal courts do not have jurisdiction to award fees for administrative level services. *Id.* We are required to follow *Fenix,* and therefore, must reject Bartels' arguments. *See Deviries v. Prudential–Bache Sec., Inc.,*

---

1. The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

2. *Bobby Kirksey v. Department of Health & Human Services,* No. 92–3156, is dismissed from the appeal in accordance with the appellant's request.

805 F.2d 326, 328 (8th Cir.1986); *see also United States v. Lewellyn,* 723 F.2d 615, 616 (8th Cir.1983) ("Only the court en banc is empowered to change an existing rule of law."). We also note that six circuits[3] agree with *Fenix,* and only the Sixth Circuit has adopted Bartels' proposal.

We credit Bartels, however, for he makes a telling argument about the difficulties of obtaining fees[4] in social security cases and the problems that a practitioner handling social security cases must face. As he pointed out in oral argument, a practitioner who appeals successfully to this court must then seek fees in three different tribunals—the administrative agency, the district court, and this court. Although we sympathize with the attorneys who must endure these difficulties to represent social security claimants, we believe Congress or the Secretary must address such policy concerns.

Bartels also argues that the total attorneys' fee award for all levels of representation should be a standard twenty-five percent of past-due benefits, unless that amount results in a "windfall." As we stated above, the district court may award fees for representation only at its level, not all levels. The magistrate judge's award here is consistent with *Cotter v. Bowen,* 879 F.2d 359, 363–65 (8th Cir.1989), and therefore, is not erroneous.

We affirm the order of the magistrate judge.

---

**3.** *Harris v. Secretary of Health and Human Servs.,* 836 F.2d 496 (10th Cir.1987); *Guido v. Schweiker,* 775 F.2d 107 (3d Cir.1985); *MacDonald v. Weinberger,* 512 F.2d 144 (9th Cir. 1975); *Robinson v. Gardner,* 374 F.2d 949 (4th Cir.1967); *Gardner v. Menendez,* 373 F.2d 488 (1st Cir.1967); *see Gardner v. Mitchell,* 391 F.2d 582 (5th Cir.1968).

**4.** The Secretary indicated in its brief that Bartels has been awarded attorneys' fees for his administrative level representation of Bobby Rusher and Della Wells.