PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEPHEN L. MUDD,
                *Plaintiff-Appellee,*

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,
                *Defendant-Appellant.*

No. 04-1416

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
Glen E. Conrad, District Judge.
(CA-02-32-6)

Argued: March 16, 2005

Decided: August 15, 2005

Before MICHAEL and KING, Circuit Judges, and
James R. SPENCER, Chief United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Judge King and Judge Spencer joined.

---

## COUNSEL

**ARGUED:** Joshua Paul Waldman, UNITED STATES DEPART-
MENT OF JUSTICE, Civil Division, Appellate Staff, Washington,
D.C., for Appellant. James E. Hutchins, Mathews, Virginia, for
Appellee. **ON BRIEF:** Peter D. Keisler, Assistant Attorney General,

John L. Brownlee, United States Attorney, William Kanter, Michael E. Robinson, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, Appellate Staff, Washington, D.C., for Appellant.

---

**OPINION**

MICHAEL, Circuit Judge:

After the Social Security benefits claimant in this case lost at the administrative level, the district court awarded him benefits and awarded his lawyer the agreed-upon contingent fee (twenty-five percent of past-due benefits). The Commissioner of Social Security appeals only the district court's denial of her motion to alter or amend the fee order. Under the governing statute, 42 U.S.C. § 406(b), a district court may award fees to a successful claimant's lawyer for his representation before the court. The Commissioner argues that the district court erred when it considered the time spent and work done by the lawyer in representing the claimant at the administrative stage *as one factor* in determining that the contingent-fee agreement was reasonable. We conclude that the court's consideration of the lawyer's agency-related work was appropriate because it assisted the court in reaching a better understanding of factors such as the overall complexity of the case, the lawyering skills required, and the significance of the result achieved. Inasmuch as the district court approved a fee for court-related work only, we affirm.

I.

Stephen L. Mudd filed an application for disability insurance benefits under the Social Security Act. He alleged that by late 1997 hepatitis C and severe depression rendered him disabled for all forms of substantial gainful employment. The Social Security Administration (the agency) denied Mudd's claims at the initial consideration and reconsideration stages, and he then proceeded to an evidentiary hearing before an administrative law judge. The ALJ found that Mudd "retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy." J.A. 10. The ALJ thus concluded that Mudd is not disabled and not entitled

to benefits. The agency's Appeals Council adopted the ALJ's opinion as the final decision of the Commissioner. Mudd sought review of the final administrative decision by filing an action against the Commissioner under 42 U.S.C. § 405(g) in the U.S. District Court for the Western District of Virginia. In the summary judgment proceedings that followed, the district court reversed the Commissioner and entered judgment in Mudd's favor. The court concluded that the Commissioner's final decision was not supported by substantial evidence because "the undisputed administrative record establishes disability for all forms of substantial gainful employment." J.A. 13.

Mudd's lawyer represented him under a contingent-fee agreement that is standard in Social Security cases: it provides that the lawyer is to receive twenty-five percent of all past-due benefits recovered. After Mudd won in district court, his lawyer petitioned the court under 42 U.S.C. § 406(b) for approval of $12,231.50 in attorney's fees, representing the full contingent fee, or twenty-five percent of the $48,926 in recovered past-due benefits. The Commissioner objected to the fee petition, characterizing it as unreasonable. According to the Commissioner, the amount requested ($12,231.50) divided by the number of hours spent in court-related work (16.6) yielded "a windfall to counsel" in the form of an hourly rate of $736.84. J.A. 30. The district court concluded that the contingent-fee agreement was reasonable in this case and approved the requested amount. The Commissioner then filed a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment (or fee order), arguing that the court erred when it considered "time [the lawyer] spent representing Plaintiff before the Agency" in evaluating the fee petition. J.A. 37. In denying the Commissioner's motion, the district court emphasized that it "did not intend to award any fee falling outside the boundaries of 42 U.S.C. § 406[b]," J.A. 54, which governs the fee a claimant's lawyer may receive for *court representation*. The court said that while it considered the services rendered by Mudd's lawyer at the administrative stage, that consideration was simply one factor in the court's evaluation of the overall reasonableness of the contingent-fee agreement.

The Commissioner appeals the order denying her Rule 59(e) motion. Although we normally review a district court's award of attorney's fees for abuse of discretion, *see Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002), our review in this appeal

is de novo because the issue centers on the legal interpretation of 42 U.S.C. § 406(b), *see Yamaha Motor Corp., U.S.A. v. Jim's Motorcycle, Inc.*, 401 F.3d 560, 567 (4th Cir. 2005).

## II.

### A.

The statutory basis for an award of fees to a lawyer representing a client who obtains Social Security benefits is set forth in 42 U.S.C. § 406. Section 406 "establish[es] the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). As the Supreme Court explains, "[t]he statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that whenever a court renders judgment for a claimant, "the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A). This reasonable fee is not to exceed twenty-five percent "of the total of the past-due benefits to which the claimant is entitled by reason of [the] judgment," and the fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Courts are "without jurisdiction to decree compensation for professional representation" at the administrative level, *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir. 1967), because the Commissioner "alone is empowered to make awards for services rendered in agency proceedings," *Morris v. SSA*, 689 F.2d 495, 497 (4th Cir. 1982).

### B.

*Gisbrecht* clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement. In *Gisbrecht* the Supreme Court considered two alternatives regarding "the appropriate starting point for judicial determinations of 'a reasonable fee for [representation before the

court].'" 535 U.S. at 792 (quoting 42 U.S.C. § 406(b)) (alteration in original). Thus, the Court asked: "Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation?" *Id.* (Under the lodestar method a court first determines the number of hours reasonably spent on the case; that number is multiplied by a reasonable hourly rate, and the product is the lodestar amount. *Id.* at 797-98.) Prior to *Gisbrecht* a minority of circuits adopted the reasonableness approach, while a majority, including the Fourth Circuit, used the lodestar method. *Id.* at 799. *Gisbrecht* held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b). *Id.* at 793. The Court thus embraced "the primacy of lawful attorney-client fee agreements," concluding that "§ 406(b) [was designed] to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.* As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness. *Id.* at 807.

*Gisbrecht* thus rejected case law from the majority of circuits (including ours) that prescribed the lodestar method for awarding fees under § 406(b) in the routine situation involving a contingent-fee agreement. *See, e.g.*, *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324 (4th Cir. 1989). The *Gisbrecht* decision instructs courts to "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." 535 U.S. at 808. The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Id.* Nevertheless, the *Gisbrecht* Court noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.*

## C.

The Commissioner contends that the district court erred in this case when it considered time the lawyer spent representing Mudd before

the agency as a factor in its determination that the contingent-fee agreement was reasonable under § 406(b). In denying the Commissioner's Rule 59(e) motion to alter or amend the judgment (or fee order), the district court emphasized that it reviewed the contingent-fee agreement for reasonableness under *Gisbrecht* and awarded a fee that fell within the boundaries of § 406(b). The district court thus understood that it could only award attorney's fees for representation in court, or for court-related work. The court did consider, as one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level. This was appropriate insofar as it gave the district court a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court. Because it appears that, in the end, the district court's fee allowance to Mudd's lawyer was limited to compensation for court-related work, we affirm the order denying the Commissioner's motion to alter or amend the judgment.

*AFFIRMED*