[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14321
_____

D.C. Docket No. 3:09-cv-00607-JBT


WILLIAM L. KELLER,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 21, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

WILSON, Circuit Judge:

Following a successful claim for Social Security disability benefits, Appellant William Keller filed a motion asking the court to approve the contingency fee arrangement he agreed to with his lawyer. The magistrate judge who handled the motion determined that a fee in the amount of $11,876.65 was reasonable pursuant to 42 U.S.C. § 406(b)(1), and Keller appealed. For the reasons stated below, we affirm.

In 1998, Keller applied for disability insurance benefits, claiming his disability began on September 18, 1997. On July 17, 2001, he received a partially favorable decision from an administrative law judge (ALJ) entitling him to benefits for the period of September 18, 1997 through October 1, 1999.[1] Keller appealed the decision and spent nearly ten years exhausting his administrative remedies and pursuing his claims in the district court. During this process, Keller elected to receive early retirement benefits. Ultimately, in July 2011, the Commissioner determined that Keller had remained disabled throughout the course of his appeal and issued a Notice of Award informing Keller that he was entitled to $83,374.00 in past-due benefits for the period of October 1999 through June 2011.

Following this favorable outcome, Keller filed a motion seeking an award of attorney's fees in the amount of $19,498.90, pursuant to 42 U.S.C. § 406(b)(1)(A),

---

[1] Keller received benefits in the amount of $17,451.91 for this period. Keller's lawyer received a fee of $3,279.50 (18.79%) pursuant to 42 U.S.C. § 406(a).

2

based on his own calculation for the amount of past-due benefits—$113,863.00.[2]

The Commissioner opposed the motion, arguing that the correct amount of past-due benefits was $83,374.00.[3]  The magistrate judge excluded the early retirement benefits Keller received when calculating the amount of past-due benefits owed under the agreement and determined that a fee award of $11,876.65 was reasonable.

Keller argues that the district court erred when it determined that a fee of $11,876.65—which was calculated using a past-due benefit amount that had been reduced to reflect the amount of early retirement benefits Keller received—was reasonable.  In support of this argument, Keller cites § 406(b), which he reads to preclude such a reduction.  But we need not reach Keller's statutory argument because the language found within the fee agreement controls the outcome of this case.[4]

In *Gisbrecht v. Barnhart*, the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee

---

[2] The contingent fee agreement Keller entered into with his lawyer called for a fee equaling 25 percent of any past-due benefits owed to Keller.  The fee Keller actually requested before the magistrate judge was less than 25 percent of $113,863.00 because Keller's lawyer had previously been awarded fees under the Equal Access to Justice Act and § 406(a), and § 406(b)(1)(A) caps the total fee at 25 percent of past-due benefits.

[3] The discrepancy between the competing calculations of past-due benefits results from Keller's inclusion of early retirement benefits he received from the Social Security Administration.

[4] "[I]nterpretation of an attorney-client fee contract is a question of law subject to de novo review on appeal."  *Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1564 (11th Cir. 1990).

following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, we must look to the fee agreement made by Keller and his attorney.

The fee agreement states, in relevant part, that "[t]he Attorney's fee will be determined by the amount *owed* to the Client . . . for past due Social Security benefits." (Emphasis added.) It also mandates that the fee "shall never exceed 25% of the 'past due' benefits owed [to the] Client."

The parties dispute whether, under the agreement, the amount of past-due benefits *owed* includes the early retirement benefits Keller received. The Commissioner conceded at oral argument that, as a result of Keller's favorable decision, the early retirement benefits he received are better characterized as disability benefits. However, the Commissioner contends that those benefits were

4

not "owed" to Keller, as required under the contract, because they had already been paid. Keller counters by arguing that the amount "owed" is more properly viewed as the total amount that he was ultimately entitled to receive for the relevant period of disability. Receiving early retirement benefits did not reduce the amount he was "owed;" it merely reduced the amount the government needed to pay to satisfy its obligations.

The magistrate judge noted, and we agree, that the language found in the contingent-fee arrangement is ambiguous. In these circumstances, we regularly construe contracts against the drafting party. *See Carneiro Da Cuhna v. Standard Fire Ins. Co.*, 129 F.3d 581, 585 (11th Cir. 1997). Accordingly, we interpret the agreement between Keller and his attorney—which calls for a fee in the amount of 25 percent of past-due benefits *owed*—as providing for a fee of 25 percent of past-due benefits that had *not already been paid* to Keller.

Keller claims that the magistrate judge should not have avoided the statutory arguments presented. But avoiding those arguments was entirely appropriate in these circumstances. The magistrate judge correctly noted that § 406(b)(1)(A) prohibits fee agreements from providing for a fee "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). He then clarified that the language of the fee agreement did not track the language of § 406(b)(1)(A). Implicit in that clarification, of course, is a

5

recognition that the agreement, not the statute, provides the "primary means by which fees are set." *Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828.

Thus, the magistrate judge did exactly what was required of him under § 406(b)(1)(A) and *Gisbrecht*.  He started with the fee agreement, and after determining that the early retirement benefits were not past-due benefits "owed," went on to conduct an independent review of the resulting fee for reasonableness. Because we agree with the magistrate judge's interpretation of the contract and find no error in his review of the fee, we affirm the fee award of $11,876.65.[5]

**AFFIRMED.**

---

[5] We acknowledge that this result may seem inequitable, particularly to Keller's attorney, who likely would have collected the fee sought here if not for the Commissioner's erroneous denial of disability benefits and Keller's subsequent decision to receive early retirement benefits. But such a result is best avoided by drafting contracts with more precision.  At oral argument, Keller's attorney stated that he had already modified his contracts to avoid this problem going forward.  Other attorneys would be well-advised to do the same.