[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13922
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-01696-CLS

LAURA GOSSETT,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 28, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Laura Gossett filed a claim for disability and disability insurance benefits

with the Social Security Administration ("SSA").  The SSA initially denied her

claim, but Gossett successfully challenged the denial of her claim in federal district court. Her attorney, Myron Allenstein, moved the district court for attorney's fees pursuant to 42 U.S.C. § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Although Allenstein asked for $78,280.63 as a fee award, the district court awarded him $5,701.80. Allenstein appeals this fee award. After careful consideration, we vacate the fees awarded and remand to the district court to recalculate the award.

## I.

Beginning in 2013, Allenstein represented Gossett in her application for Social Security disability benefits. Gossett signed a contingency-fee agreement for Allenstein's services. The agreement provided:

> if it becomes necessary for [Allenstein] to file a civil action in the United States District Court, then [Allenstein] may petition the court for approval of a fee of 25 percent of past due benefits resulting from my claim(s). . . . If the claim is won in Federal Court . . . the fee cap is not applicable and counsel will be entitled to a fee based on time devoted to the claim but limited to 25% of back benefits.

The agreement also said that if the district court awarded attorney's fees under the EAJA as well as attorney's fees from Gossett's back benefits, Gossett would keep "the lower of the two fees."

Allenstein spent 15 hours working on Gossett's appeal of the SSA's denial of her application for benefits. The district court found for Gossett, vacated the denial of benefits, and remanded to the SSA. On remand, the SSA deemed Gossett

2

disabled since April 2009 and awarded her a total of $216,376.50 in back benefits, as well as a total of $108,146 in back benefits for her three dependents.  The SSA withheld one-fourth of this award—$81,130.63—as the maximum amount of attorney's fees that the court would approve out of the past-due benefit.

After the favorable decision from the SSA but before learning the precise amount of back benefits, Allenstein moved the district court for $2,850.90 in attorney's fees under the EAJA, based on 15 hours of work at a "reasonable" hourly rate of $190.06.  The Acting Social Security Commissioner ("Commissioner") did not oppose this fee request, and the district court awarded EAJA fees in the requested amount.

Allenstein then moved for attorney's fees under 42 U.S.C. § 406(b), which allows for a reasonable attorney's fee at 25% or less of total past-due benefits. Allenstein amended his request for fees after the SSA gave notice of back benefits. Citing the terms of the contingency-fee agreement, Allenstein asked for $78,280.63 in attorney's fees.  This amount represented 25% of the total past-due benefits, $81,130.63, reduced by $2,850 in EAJA attorney's fees as promised in the contingency-fee agreement.

The Commissioner opposed Allenstein's motion.   It argued that $78,280.63 as an attorney's fee for 15 hours of work would result in a "windfall" to Allenstein. It asked the district court to award a lower attorney's fee.

3

The district court granted Allenstein's motion in part, awarding him $5,701.80 in fees under 42 U.S.C. § 406(b). The court reasoned that awarding Allenstein the full 25% contingency fee for 15 hours of work would "result[] in an effective hourly rate of $5,218.71." The court noted that Allenstein had "represented that $190.06 was a reasonable [hourly] rate" in his motion for EAJA fees. Thus, to arrive at what it viewed as a more reasonable fee, the court calculated "a fee equivalent to double the prevailing hourly rate (i.e., $380.12)" for each of Allenstein's 15 hours of work. This calculation resulted in an award of $5,701.80.

Allenstein moved for reconsideration of this fee award, and the district court declined to change the award. This is Allenstein's appeal.

## II.

This Court reviews a district court's award of attorney's fees for abuse of discretion. ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). By definition, a district court abuses its discretion when it makes an error of law. In re Managed Care Litig., 605 F.3d 1146, 1150 (11th Cir. 2010) (per curiam).

## III.

Allenstein argues that the district court improperly relied on an out-of-circuit case, Hayes v. Secretary of Health & Human Services, 923 F.2d 418 (6th Cir. 1990), in assessing the reasonableness of the attorney's fee award allowed by the

4

contingency agreement.  He asks our Court to respect the contingency-fee agreement and award him the full 25% of Gossett's back benefits.  We agree that the district court made an error of law in relying on Hayes, and we vacate and remand for reassessment of a reasonable attorney's fee in Gossett's case.

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a [Social Security] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817 (2002), the Supreme Court resolved a circuit split about the method for determining "reasonable" attorney's fees under § 406(b).  Id. at 799, 122 S. Ct. at 1823–24.  The Court first considered the "lodestar calculation" method, which involves awarding fees based on "hours reasonably spent on the case times reasonable hourly rate."  Id. at 792, 122 S. Ct. at 1820.  The Court explicitly rejected this method.  Id. at 793, 122 S. Ct. at 1820.  It reasoned that applying the lodestar method to SSA fee awards was incompatible with the standard practice of contingency-fee agreements in SSA cases; Congress's legislation of § 406(b), which predated the lodestar method; and the lodestar method's purpose to "govern imposition of fees on the losing party," rather than fees paid from the client's award of benefits.  Id. at 797, 805–06, 122 S. Ct. at 1822, 1827–28.

5

Gisbrecht held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Id. at 807, 122 S. Ct. at 1828. The Court explained that contingent-fee agreements are "presumptively reasonable," but that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 792, 807, 122 S. Ct. at 1820, 1828. The Court said that courts could "appropriately reduce[] the attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808, 122 S. Ct. at 1828. Relevant here, a court could reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." Id.

The district court in this case determined that the 25% contingency fee provided for in Allenstein and Gossett's agreement would be a "windfall" to Allenstein. The court invoked the Sixth Circuit's opinion in Hayes for "guidance about how to determine when a high hourly rate will constitute a windfall to claimant's counsel." Hayes held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work." 923 F.2d at 422 (footnote omitted). Based on Hayes, the district court decided that

6

the "floor" of reasonableness was 15 hours multiplied by a $380.12 hourly rate, for a total fee of $5,701.80.

The district court's decision was contrary to Gisbrecht because it looked to Hayes to assess the reasonableness of Allenstein's contingent-fee agreement. Hayes pre-dated Gisbrecht and employed the lodestar method, which the district court itself acknowledged. Gisbrecht expressly rejected exclusive use of the lodestar method to assess the reasonableness of attorney's fees. See 535 U.S. at 793, 122 S. Ct. at 1820. Thus, the district court's reliance on only the lodestar method was an abuse of discretion. See Jeter v. Astrue, 622 F.3d 371, 379 (5th Cir. 2010) (observing that Gisbrecht "proscribes exclusive, primary reliance on the lodestar method to determine the reasonableness of a § 406(b) fee award").

Important to this decision is that the district court did not consider or explain any factors beyond Allenstein's effective hourly rate in its assessment of a reasonable fee. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983) (holding that district courts must "provide a concise but clear explanation of its reasons for the fee award"); Crawford v. Astrue, 586 F.3d 1142, 1152 (9th Cir. 2009) (vacating § 406(b) fee award because the "court failed to relate its . . . lodestar [calculation] to the circumstances of the individual case"). Courts have recognized that Gisbrecht's "reference to windfall leaves room for consideration of an effective hourly fee rate," but only alongside other factors,

7

including "whether an attorney's success is attributable to his own work or instead to some unearned advantage," the attorney's "degree of expertise" and adequacy of representation, the percentage of back benefits sought, and the attorney's "risk of loss." Jeter, 622 F.3d at 376, 380; see also Mudd v. Barnhart, 418 F.3d 424, 428–29 (4th Cir. 2005) (affirming an award of § 406(b) fees where the court considered "time spent and work performed by counsel" along with "overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved"). Because "courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances," the district court erred by relying solely on the lodestar calculation. See Keller v. Comm'r of Soc. Sec., 759 F.3d 1282, 1284 (11th Cir. 2014) (emphasis added).

Gisbrecht calls upon the district court to evaluate factors or circumstances beyond the lodestar calculation, based on the circumstances of Gossett's case. We express no view on what will constitute a reasonable fee in this case. Nevertheless, we vacate the fee award and remand to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

8